■ RUTH REICH, Respondent, et al., Plaintiff, v KHOSROW BIJARI et al., Appellants. [731 NYS2d 856] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated October 17, 2000, as denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the grounds that it was against the weight of the evidence and that the amount of damages awarded was excessive, and (2) from so much of a judgment of the same court, entered October 30, 2000, as, upon the jury verdict, is in favor of the plaintiff Ruth Reich and against them in the principal sum of $1,750,000 ($1,000,000 for past pain and suffering and $750,000 for future pain and suffering).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, on the facts and as a matter of discretion, and that branch of the motion which was to set aside the verdict on the ground that the amount of damages awarded was excessive is granted to the extent that a new trial is granted on the issue of damages for past pain and suffering and for future pain and suffering, unless the plaintiff Ruth Reich serves and files in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering to the principal sum of $400,000 and for future pain and suffering to the principal sum of $100,000, and to the entry of an amended judgment accordingly, and the time of the plaintiff Ruth Reich to serve and file her stipulation is extended until

30 days after service upon her of a copy of this decision and order; in the event the plaintiff Ruth Reich so stipulates, the judgment as reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the order dated October 17, 2000, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The damages awarded to the plaintiff Ruth Reich for past pain and suffering and for future pain and suffering are excessive to the extent indicated, as they deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendants' remaining contentions are unpreserved for appellate review. Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.