■ ONA BRILL et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [759 NYS2d 346] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 11, 2002, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant City of New York (hereinafter the City) established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have written notice of any defect in the sidewalk at the location where the injured plaintiff allegedly fell and that it did not create the alleged defective condition (*see Gruska v City of New York,* 292 AD2d 498 [2002]; *Kempler v City of New York,* 272 AD2d 584 [2000]). In opposition to the motion, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact. A "Big Apple" map indicating defects in the sidewalk adjacent to the area of the accident did not provide sufficient notice of the alleged defect at the location of the fall and therefore did not satisfy the written notice requirement of Administrative Code of the City of New York § 7-201 (c) (*see Curci v City of New York,* 209 AD2d 574 [1994]; *Goldston v Town of Babylon,* 145 AD2d 534 [1988]; *Leary v City of Rochester,* 115 AD2d 260 [1985], *affd* 67 NY2d 866 [1986]).

The Supreme Court providently exercised its discretion in entertaining the City's untimely motion for summary judgment (*see Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124 [2000]; *Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685 [2000]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.