■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JOSEPH P. MOONEY, Admitted on December 13, 1989, at a Term of the Appellate Division, Second Department. [790 NYS2d 385]—Reinstatement denied, as indicated. No opinion. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Williams, JJ. [*See* 247 AD2d 158 (1998).]

■ In the Matter of MAC TRUONG, a Suspended Attorney. [789 NYS2d 421]—Motion denied in its entirety, as indicated. No opinion. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.

---

(December 16, 2004)

1 KATHLEEN MOTTO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [785 NYS2d 917]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered November 28, 2003, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although there were no witnesses to the accident, the circumstantial evidence indicates that plaintiff's decedent died when he fell from between cars of a moving subway train. Although plaintiff attributes the decedent's fall to defendant's failure to take adequate safety precautions to protect passengers moving between cars, the cause of the decedent's fall is on this record a matter for pure speculation and, accordingly, no triable issue has been raised as to whether responsibility for the fall and its sequelae may be placed upon defendant or its employees (*see Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664 [1993]). Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.