■ WANIA ALMADOTTER, Appellant, v CITY OF NEW YORK, Respondent. [789 NYS2d 729]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 15, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On March 7, 2000, the plaintiff tripped and fell on an alleg-

edly defective sidewalk in front of 1000 Washington Avenue in Brooklyn. On the relevant Big Apple Pothole and Sidewalk Protection Corporation map (hereinafter the Big Apple Pothole map) (*see Weinreb v City of New York*, 193 AD2d 596, 597 [1993]), the subject site was described as an "[e]xtended section of obstructions protruding from [the] sidewalk." The plaintiff alleged that the sidewalk was "cracked, uneven, irregular, unlevel, raised, dangerous and/or [in a] hazardous condition." The photographic evidence in the record depicts a stretch of concrete sidewalk with contiguous slabs that are of different heights.

The defendant City of New York moved for summary judgment, arguing that it did not receive any prior written notice of the defective condition alleged by the plaintiff. As to the Big Apple Pothole map, relying on *Camacho v City of New York* (218 AD2d 725 [1995]), the City argued that the map provided notice of a different condition and was insufficient to apprise the City of the actual nature of the defect; thus, the City contended that the complaint must be dismissed. The Supreme Court granted the motion. We reverse.

Big Apple Pothole maps filed with the New York City Department of Transportation serve as prior written notice to the City of the defective conditions indicated on the maps. The Administrative Code of the City of New York does not set forth any requirements for the specificity of the notice. Therefore, since the prior notice law is in derogation of the common law and must be strictly construed against the City, a notice is sufficient if it brought the particular condition at issue to the attention of the authorities (*see Weinreb v City of New York, supra* at 598). "Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by a jury" (*Quinn v City of New York,* 305 AD2d 570, 571 [2003]). Contrary to the City's contentions, whether the "cracked, *uneven, irregular, unlevel, raised,* dangerous and/or hazardous condition" (emphasis supplied) of the sidewalk in front of 1000 Washington Avenue is the same condition as the "extended section of obstructions protruding from [the] sidewalk" noticed on the Big Apple Pothole map is a question of fact which should be resolved by a jury (*see Quinn v City of New York, supra; Vasquez v City of New York,* 298 AD2d 187 [2002]; *Patane v City of New York,* 284 AD2d 513 [2001]). *Camacho v City of New York (supra)*, upon which the City relies, is clearly distinguishable. There, the one-foot-deep hole measuring three by four feet in width clearly was not the raised sidewalk noticed

on the Big Apple Pothole map. While summary judgment may have been appropriate therein, it is not appropriate in this case. Accordingly, the City's motion should have been denied. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.