■ FRANCES WILLIAMS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [817 NYS2d 920]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated October 15, 2004, which granted the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law.

Ordered that the order is affirmed, with costs.

The trial court properly granted the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judg-

ment as a matter of law. To grant a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Here, the plaintiff failed to establish that the space between the train and the subway platform into which she fell constituted negligence on the part of the defendant (*see Ryan v Manhattan Ry. Co.,* 121 NY 126 [1890]; *Lang v Interborough Rapid Tr. Co.,* 193 App Div 56 [1920]; *Woolsey v Brooklyn Hgts. R.R. Co.,* 123 App Div 631 [1908]). Thus, the defendant's motion was properly granted.

The parties' remaining contentions either are without merit or are academic in light of our determination. Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.