■ BORIS VERTSBERGER et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent-Appellant. WELSBACH ELECTRIC CORP., Third-Party Defendant-Appellant-Respondent. [824 NYS2d 346]—

In an action to recover damages for personal injuries, etc., (1) the third-party defendant appeals from stated portions of an order of the Supreme Court, Kings County (Knipel, J.), dated February 14, 2005, and (2) the third-party defendant appeals, and the defendant third-party plaintiff cross-appeals, as limited by their respective briefs, from so much of a judgment of the same

court entered March 22, 2005, as, upon a jury verdict on the issue of liability finding them each 50% at fault in the happening of the accident, and upon a jury verdict on the issue of damages finding that the plaintiff Boris Vertsberger sustained damages in the principal sums of $1,000,000 for past pain and suffering, $3,000,000 for future pain and suffering, $72,618.46 for past medical expenses upon stipulation, and $35,000 for future medical expenses, and that the plaintiff Maria Vertsberger sustained damages in the principal sum of $400,000 for loss of services, and upon the order dated February 14, 2005 denying those branches of their separate motions pursuant to CPLR 4404 (a) which were to set aside the verdict on the issue of liability and granting those branches of their separate motions which were to set aside the verdict on the issue of damages as excessive only to the extent of directing a new trial on the issue of damages unless the plaintiffs stipulated to reduce the award for future pain and suffering to the principal sum of $1,250,000 and the award for loss of services to the principal sum of $85,000, and, upon the plaintiffs' stipulation, is in favor of the plaintiffs and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof awarding damages for past pain and suffering and future pain and suffering, and a new trial is granted as to those damages only; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant third-party plaintiff and the third-party defendant, unless within 30 days after service upon the plaintiff Boris Vertsberger of a copy of this decision and order, he serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $1,000,000 to the sum of $600,000 and to further reduce the verdict as to damages for future pain and suffering from the sum of $1,250,000 to the sum of $800,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Boris Vertsberger so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d

241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 14, 1997 the plaintiff Boris Vertsberger (hereinafter the plaintiff) tripped on an obstruction protruding from the sidewalk near 1963 86th Street in Brooklyn, sustaining several injuries, including a shattered left elbow. The plaintiffs commenced this action against the defendant third-party plaintiff City of New York, and the City sought contractual indemnification from the third-party defendant Welsbach Electric Corporation (hereinafter Welsbach). Following a jury verdict finding the City and Welsbach each 50% at fault in the happening of the accident, and awarding damages, the City moved pursuant to CPLR 4404 (a) to set aside the jury verdict and dismiss the complaint as a matter of law, asserting that it did not receive prior written notice of the defective condition that caused the plaintiff's injuries. In the alternative, the City moved to set aside the verdict as against the weight of the evidence. Welsbach moved to dismiss the City's cause of action for contractual indemnification asserted against it. Both the City and Welsbach moved to set aside the verdict on the issue of damages as excessive.

"Prior written notice of a sidewalk defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City under the Administrative Code of the City of New York § 7-201 (c)" (*Cassuto v City of New York*, 23 AD3d 423, 424 [2005]; *see Amabile v City of Buffalo*, 93 NY2d 471, 472-473 [1999]; *Cuccia v City of New York*, 22 AD3d 516, 516 [2005]; *Quinn v City of New York*, 305 AD2d 570, 571 [2003]). "The Administrative Code of the City of New York does not set forth any requirements for the specificity of the notice" (*Almadotter v City of New York*, 15 AD3d 426, 427 [2005]). "Therefore, since the prior notice law is in derogation of the common law and must be strictly construed against the City, a notice is sufficient if it brought the particular condition at issue to the attention of the authorities" (*id.* at 427). A Big Apple Pothole Sidewalk Protection Corporation (hereinafter Big Apple) map submitted to the New York City Department of Transportation may serve to provide the City with prior written notice of an alleged defect (*see Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Cassuto v City of New York, supra* at 424; *Almadotter v City of New York, supra* at 427; *Quinn v City of New York, supra* at 571). "Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the ques-

tion should be resolved by the jury" (*Cassuto v City of New York, supra* at 424; *see Almadotter v City of New York, supra* at 427; *Quinn v City of New York, supra* at 571). Contrary to the City's contention, whether the Big Apple map indicating the presence of an obstruction protruding from the sidewalk at the address immediately adjacent to the address in front of which the plaintiff fell, the only sidewalk defect, of that particular character indicated in the vicinity, provided the City with prior written notice of the defect, presented an issue of fact for the jury to resolve (*see Cassuto v City of New York, supra* at 424; *Almadotter v City of New York, supra* at 427; *Quinn v City of New York, supra* at 571; *see also Patane v City of New York,* 284 AD2d 513, 514-515 [2001]; *cf. Cuccia v City of New York, supra* at 516; *Weinreb v City of New York,* 193 AD2d 596, 598 [1993]; *compare Brill v City of New York,* 305 AD2d 525 [2003], *revd on other grounds* 2 NY3d 648 [2004]; *Camacho v City of New York,* 218 AD2d 725 [1995]). Because a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial, the Supreme Court properly denied that branch of the City's motion which was to set aside the verdict and dismiss the complaint as a matter of law (*see Williams v New York City Tr. Auth.,* 31 AD3d 631 [2006]; *see also Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, the jury's determination was not against the weight of the evidence as the jury, upon a fair interpretation of the evidence, could have determined that the Big Apple map provided the City with prior written notice (*see Cassuto v City of New York, supra* at 424). "A review of the evidence in this case demonstrates that a fair basis existed for the jury verdict on the issue of liability" (*id.; see generally Goldman v City of New York,* 8 AD3d 528, 529 [2004]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]).

Contrary to Welsbach's contention, the contractual indemnification provision based on which the City seeks to be indemnified by Welsbach was not void and unenforceable, as it does not violate General Obligations Law § 5-322.1.

Moreover, contrary to the contentions of the City and Welsbach, the award to the plaintiff Maria Vertsberger for loss of services, as reduced by the Supreme Court and stipulated to by the plaintiffs, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *cf. Dhillon v Bryant Assoc.,* 26 AD3d 155 [2006]; *Gubala v Gee,* 302 AD2d 911 [2003]; *Lamuraglia v New York City Tr. Auth.,* 299 AD2d 321 [2002]; *Armellino v Fowler Equip. Corp.,* 297 AD2d 767 [2002]; *Araujo v Marion Mixers,* 289 AD2d 428 [2001]; *Parris v Shared*

*Equities Co.*, 281 AD2d 174 [2001]; *Schultz v Turner Constr. Co.*, 278 AD2d 76 [2000]). However, the awards to the plaintiff Boris Vertsberger for past and future pain and suffering were excessive to the extent indicated (*see* CPLR 5501 [c]; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438 [2005]; *Araujo v Marion Mixers, supra; Reich v Bijari*, 287 AD2d 608 [2001]; *Chisholm v Madison Sq. Garden Ctr.*, 289 AD2d 168 [2001]; *Simeon v Urrey*, 278 AD2d 624 [2000]; *Boinoff v Riverbay Corp.*, 245 AD2d 4 [1997]; *Ubiles v Rosenzweig Lbr. Corp.*, 225 AD2d 468 [1996]; *Guillory v Nautilus Real Estate*, 208 AD2d 336 [1995]; *Mojica v City of New York*, 199 AD2d 250 [1993]). Adams, J.P., Skelos, Fisher and Covello, JJ., concur.