Donna Reid, Appellant, v City of New York et al., Respondents. [828 NYS2d 224]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated October 28, 2005, as granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are denied.

The Supreme Court improperly granted the summary judgment motion of the defendant New York City Transit Authority (hereinafter the Transit Authority), because it failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The affidavit of its expert, submitted in support of the motion, was insufficient to demonstrate that it was not liable for the injuries sustained by the plaintiff when she tripped and fell as a result of the uneven height differential between the landing of the Transit Authority's subway entrance staircase and the adjoining sidewalk (cf. Banks v Freeport Union Free School Dist., 302 AD2d 341, 342 [2003]; Mendes v Whitney-Floral Realty Corp., 216 AD2d 540, 542 [1995]). In any event, material issues of fact exist as to whether the installation of the subway entrance substructure constituted a special use of the sidewalk by the Transit Authority, and whether that special use was a substantial cause of the defect that allegedly caused the plaintiff's fall (see Weiskopf v City of New York, 5 AD3d 202, 203 [2004]).

Moreover, the court improperly granted the summary judg-

ment motion of the defendant City of New York, because it, too, failed to establish its prima facie entitlement to summary judgment.

In any event, the Big Apple Pothole map filed with the City's Department of Transportation depicts an extended section of raised or uneven sidewalk in the area where the plaintiff fell, and the factual dispute referable to whether the subject defect is designated on the map is a question for a jury (*see Almadotter v City of New York*, 15 AD3d 426, 427 [2005]). Moreover, questions of fact exist as to whether the City created the defective condition when it installed the sidewalk, which the Transit Authority's engineer observed was "purposely pitched" away from the property line (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Cinqumani v County of Nassau*, 28 AD3d 699, 701 [2006]). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.