■ CHRISTALEE BRADLEY, Appellant, v CITY OF NEW YORK, Respondent. [832 NYS2d 257]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated June 2, 2005, which, upon a jury verdict in favor of the defendant and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On the morning of March 25, 1996 the plaintiff was walking through a small park in Brooklyn located between Jay Street and Adams Street. As the plaintiff neared the Adams Street exit of the park, she stepped into a hole, approximately two to three

inches deep, which had been caused by missing paving stones on the walkway. Upon stepping into the hole with her left foot, the plaintiff lost her balance and fell. Photographs of the accident site show several missing hexagonal paving stones adjacent to a metal grating. According to an engineer familiar with the area, the grating provided ventilation for an underground municipal parking lot located below the accident site. Following her accident, the plaintiff commenced this action against the City of New York, alleging that it had negligently failed to maintain the accident site.

At trial, the plaintiff relied upon a map prepared by the Big Apple Sidewalk and Protection Committee (hereinafter Big Apple) in August 1995 to establish that the City had prior written notice of the defect on the walkway which caused her accident. However, the City disputed the plaintiff's claim that the subject map actually provided notice of the hole created by the missing paving stones, arguing that it depicted no defect in the precise area which the plaintiff had identified as the site of her fall, and that the defect closest to the accident site consisted of broken sidewalk rather than a hole. The jury returned a verdict in favor of the City, finding that it had no prior written notice of the defect which caused the plaintiff's fall.

Contrary to the plaintiff's contention, the jury's finding that the City did not have prior written notice of the subject defect was not against the weight of the evidence. Although maps prepared by Big Apple and filed with the Department of Transportation may serve as prior written notice of the defects which they depict (see Katz v City of New York, 87 NY2d 241, 243 [1995]), where there are "factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by the jury" (Cassuto v City of New York, 23 AD3d 423 [2005]; see Vertsberger v City of New York, 34 AD3d 453 [2006]; Almadotter v City of New York, 15 AD3d 426, 427 [2005]). Here, the issue of whether the defect which the plaintiff identified as the cause of her fall was actually depicted on the 1995 Big Apple map was sharply contested at trial, and on summation counsel for both parties urged the jury to examine an enlarged version of the map that had been admitted into evidence. Contrary to the plaintiff's contention, the jury could have determined, based upon a fair interpretation of the evidence presented at trial, that the defect which caused her fall was not depicted on the map (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; see also Laughton v City of New York, 30 AD3d 472 [2006]; Cuccia v City of New York, 22 AD3d 516

[2005]; *Goldman v City of New York*, 8 AD3d 528 [2004]; *Camacho v City of New York*, 218 AD2d 725 [1995]).

Furthermore, there is no merit to the plaintiff's argument that the court should have instructed the jury to consider the special use exception to the prior written notice rule because the accident occurred in close proximity to grating which provided ventilation for an underground municipal parking lot. The special use exception to the prior written notice rule applies where a special use confers a special benefit upon the locality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Regardless of whether the grating can be viewed as a special use, the fact remains that the plaintiff did not trip over this alleged special use. Rather, she stepped into a shallow hole created by missing paving stones adjacent to the grating, lost her balance and fell. The plaintiff offered no evidence at trial to suggest that the existence of the subject ventilation grating in any way caused the surrounding walkway to deteriorate, resulting in the formation of the hole which caused her fall. In the absence of any nexus between the alleged special use and the defect which caused the accident, the trial court properly declined to give a special use charge (*see Marona v Incorporated Vil. of Mamaroneck*, 203 AD2d 337 [1994]; *see also Carter v 73 Cranberry St., Inc.*, 18 AD3d 795 [2005]). Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.