■ PASQUALE D'ONOFRIO et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [839 NYS2d 24]—

Order, Supreme Court, New York County (Erin M. Peradotto, J.), entered December 5, 2005, which, inter alia, granted the motion of defendant City of New York to set aside the verdict as against it and for a directed verdict in its favor on the ground that it had not received prior written notice of the defect, affirmed, without costs.

The trial evidence showed that plaintiff fell on a defective subway grating in the vicinity of 20 Broad Street. However, the map filed with the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation, from which the City purportedly gained notice of the defect, only depicted uneven or raised areas of the sidewalk in the general area in front of 20 Broad Street, not a defective subway grating, and, as such, was inadequate to support an action premised on the defective subway grating (see Roldan v City of New York, 36 AD3d 484 [2007]; Waner v City of New York, 5 AD3d 288 [2004]). Concur—Gonzalez, Sweeny and Catterson, JJ.

Saxe, J.P., dissents in a memorandum as follows: I would reverse and deny the motion for a directed verdict, and reinstate the jury verdict as against defendant City. The jury's finding that the City had received prior written notice of the defect was sufficiently supported and should not have been set aside.

Plaintiff testified that he fell on a defective area of the sidewalk in front of 20 Broad Street, where a subway grating

was broken and unstable, and the crumbling cement next to the moving grating created a gap in which his feet got caught. The map filed with the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation contained two notations for that area, containing the map's symbol for uneven or raised areas of the sidewalk.

Although the jury found against the City on the issues of both notice and liability, the trial court granted the City's motion for a directed verdict, asserting that plaintiff's accident was caused by his tripping on a portion of the subway grating, which defect was not part of the City's sidewalk. The court further observed that the Big Apple map notations for defects on the sidewalk in front of 20 Broad Street, which provided notice for a "raised or uneven portion of the sidewalk" did not constitute notice with respect to a defective subway grating.

The issue of whether the filed notice constituted proper prior written notice to the City of the defective condition was properly given to the jury to decide (see *Almadotter v City of New York*, 15 AD3d 426, 427 [2005]). Contrary to the assessment of the trial court and the majority here, the claimed defect was not a defective subway grating, per se. It included the sidewalk adjacent to the grating, which, upon the movement of the grating, left a gap for plaintiff's feet to become caught in. This Court has held that depiction of a particular hazard on the Big Apple map does not provide notice as to a different hazard—for instance, a notation of a cracked sidewalk is not notice of a hole 12 inches in diameter (see *Roldan v City of New York*, 36 AD3d 484 [2007]). However, the terms employed in describing the claimed defect need not be exactly those employed on the Big Apple map. In *Almadotter* (*supra*), the plaintiff alleged that the sidewalk was "cracked, uneven, irregular, unlevel, [and] raised," while the map described the area as an "extended section of obstructions protruding from [the] sidewalk" (*id.* at 427), and the Court held that the question of whether the notice applied to the claimed defect should be left to the jury (*id.*). Similarly, in the present case, the use of the term "uneven sidewalk" bears enough of a relationship to a depression within the paved area adjacent to a subway grate to leave it to the jury to determine as a question of fact whether the City received notice of the claimed defect (see *Cassuto v City of New York*, 23 AD3d 423 [2005]; *Almadotter, supra*). That finding should not have been disturbed.