■ IDA SHAPERONOVITCH et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent. [854 NYS2d 450]—

The plaintiff Ida Shaperonovitch was injured when she tripped and fell on a section of raised and uneven sidewalk in Brooklyn, sustaining fractures of the acetabulum bone in the hip. She was admitted to the hospital for three days, then

transferred to another hospital for rehabilitation for eight days. No surgery was required and the bone healed within two months. However, she complained of continued pain. She walks with a limp and testified that she is no longer able to work as a pediatric medical assistant. Notwithstanding her complaints, no further surgery was recommended, and the plaintiff was able to walk unassisted. There were no indications of arthritic changes. The plaintiff did not receive any physical therapy, and she discontinued all treatment more than one year prior to the trial.

The plaintiffs commenced this action against the City of New York. After trial, the jury found the City 100% at fault in the happening of the accident, and awarded the plaintiff Ida Shaperonovitch, inter alia, $51,000 for past pain and suffering, $51,000 for future pain and suffering over 30 years, and $12,000 for one year of future loss of health insurance. After post-judgment motions by the parties, the Supreme Court declined to disturb the verdict.

The Supreme Court properly denied that branch of the City's motion which was pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). To establish that the City received prior written notice of the sidewalk defect in accordance with the Administrative Code of the City of New York § 7-201 (c), the plaintiff submitted a map by the Big Apple Pothole and Sidewalk Protection Committee (hereinafter Big Apple). The map contained numerous symbols for defects at the location of the accident—one of which, as conceded by the City's witness from Big Apple, was ambiguous. Where there is a factual dispute regarding whether an alleged defect is depicted on a map, the question should be resolved by the jury (*see Bradley v City of New York*, 38 AD3d 581 [2007]; *Reid v City of New York*, 36 AD3d 784 [2007]; *Vertsberger v City of New York*, 34 AD3d 453 [2006]; *Cassuto v City of New York*, 23 AD3d 423 [2005]; *Almadotter v City of New York*, 15 AD3d 426 [2005]; *Blas v R.M.H. Realty Corp.*, 5 AD3d 416 [2004]; *Quinn v City of New York*, 305 AD2d 570 [2003]).

The damages awards do not deviate materially from what would be reasonable compensation under the circumstances (*see* CPLR 5501). Mastro, J.P., Covello, Eng and Belen, JJ., concur.