■ Donette Alexander, Respondent, v City of New York, Appellant. [874 NYS2d 220]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), entered October 11, 2007, which, upon a jury verdict, and upon the denial of its motion to dismiss the complaint on the ground that the prior written notice of the subject defect lacked specificity and the granting of that branch of its separate motion pursuant to CPLR 4404 which was to set aside the verdict as to damages for past and future pain and suffering and the ordering of a new trial with respect thereto, unless the plaintiff stipulated to reduce the verdict as to damages for past pain and suffering from the sum of $1,500,000 to the sum of $500,000, and for future pain and suffering from the sum of $4,000,000 to the sum of $1,250,000, and upon the denial of the remaining branches of its motion pursuant to CPLR 4404, and upon the plaintiff's stipulation to reduce the damages awards, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

On October 20, 1997 the plaintiff stepped into a hole on the street while alighting from a New York City bus, and sustained injuries. Due to the presence of illegally parked cars, the bus driver had been prevented from pulling into the bus stop at the corner of Broadway and Gates Avenue in Brooklyn. The City had received a document in June 1997, generated by its Department of Transportation, indicating that a pothole existed on Broadway between Gates Avenue and Linden Street.

At the first trial, a jury determined that the City had prior written notice of the roadway defect and was negligent, but also found that the defendant's negligence was not a proximate cause of the plaintiff's injuries (see *Alexander v City of New York*, 21 AD3d 389, 390 [2005]). The trial court therefore dismissed the complaint insofar as asserted against the City (*id.* at 389). On appeal, this Court reversed and ordered a new trial, finding that because "[t]he issues of negligence and proximate cause [were] inextricably intertwined [it was] logically impossible [for the jury] to find negligence without also finding proximate cause" (*id.* at 390).

Following a retrial, the jury again determined that the City had prior written notice of the roadway defect. It further found the City, the bus driver (who testified at the second trial but was not a party to the lawsuit), and the plaintiff to be negligent, and assigned fault percentages of 90%, 8%, and 2%, respectively. The jury awarded the plaintiff damages for past and future pain and suffering. At the close of the evidence, the Supreme Court denied the City's motion to dismiss the complaint on the ground that the prior written notice of the defect lacked specificity. The City later moved to set aside the verdict. With the exception of the branch of the CPLR 4404 motion which was to set aside the verdict as to damages for past and future pain and suffering, the motion was denied.

Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff may maintain a cause of action against the City for injuries stemming from a roadway defect if the City has prior written notice of the defect. The City contends that the documentation upon which the plaintiff relied lacked specificity.

Section 7-201 (c) of the Administrative Code "does not set forth any requirements for the specificity of the notice. Therefore, since the prior notice law is in derogation of the common law and must be strictly construed against the City, a notice is sufficient if it brought the particular condition at issue to the attention of the authorities" (*Almadotter v City of New York*, 15 AD3d 426, 427 [2005]). Where the nature and location

of the roadway defect that caused the plaintiff's injuries are disputed, the issue of whether the defendant had prior written notice is for the jury to decide (*see Vertsberger v City of New York*, 34 AD3d 453, 455-456 [2006]; *Almadotter v City of New York*, 15 AD3d at 427; *Quinn v City of New York*, 305 AD2d 570, 571 [2003]). Here, there was sufficient evidence from which the jury could deduce that the defendant had written notice of the roadway defect in June 1997, four months before the plaintiff's October accident (*see Vertsberger v City of New York*, 34 AD3d at 456; *Weinreb v City of New York*, 193 AD2d 596, 598 [1993]; *cf. Bruni v City of New York*, 2 NY3d 319, 327 [2004]). Moreover, the jury's determination on this issue was not against the weight of the evidence (*see Vertsberger v City of New York*, 34 AD3d at 456).

Based on a "fair interpretation of the evidence," the jury could reasonably have determined that numerous factors attenuated both the plaintiff's and the bus driver's negligence (*Soto v Famulari*, 28 AD3d 639, 640 [2006] [internal quotation marks omitted]). Accordingly, the jury verdict with respect to the apportionment of fault was not against the weight of the evidence (*see Fertik v Fertik*, 264 AD3d 463, 464 [1999]; *Castellano v City of New York*, 183 AD2d 800 [1992]).

The parties' remaining contentions are without merit or need not be reached in light of the foregoing determinations. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.