In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 18, 2011, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
In this action to recover damages for personal injuries, the defendant City of New York moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the map filed with the New York City Department of Transportation (hereinafter the DOT) by the Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) for the area where the plaintiff fell did not provide it with prior written notice of the alleged defect that caused the plaintiff to fall.
Where “there are ‘factual disputes regarding the precise location of the defect that allegedly caused a plaintiff’s fall, and whether the alleged defect is designated on the map, the question should be resolved by the jury’ ” (Bradley v City of New York, 38 AD3d 581, 582 [2007], quoting Cassuto v City of New *611 York, 23 AD3d 423, 424 [2005]). Here, the plaintiff alleged that she fell as a result of tripping over raised cobblestones in the sidewalk area in front of 4504 Fifth Avenue in Brooklyn. The Big Apple map filed with the DOT included a notation indicating a “raised or uneven portion of the sidewalk” in the vicinity where the plaintiff alleges that she fell. Whether or not the sidewalk defect which plaintiff claims caused her to fall was depicted on the Big Apple map presents an issue of fact for the jury (see Brown v City of New York, 90 AD3d 591, 591 [2011]; Bradley v City of New York, 38 AD3d at 582; Almadotter v City of New York, 15 AD3d 426, 427 [2005]; Quinn v City of New York, 305 AD2d 570, 571 [2003]; cf. Weinreb v City of New York, 193 AD2d 596, 598 [1993]).
Because the City failed to establish its prima facie entitlement to judgment as a matter of law, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied, regardless of the sufficiency of the plaintiff’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.