■ MANUEL PEREZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [972 NYS2d 662]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens

County (Hart, J.), entered March 8, 2012, which, upon the granting of the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and denying, as academic, his cross motion for leave to amend the pleadings and the notice of claim to add an allegation that the defendant City of New York received prior written notice of the alleged sidewalk defect, is in favor of the defendant City of New York and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendant City of New York is denied, the complaint is reinstated, and the plaintiff's cross motion is granted.

On August 2, 2007, the plaintiff allegedly sustained personal injuries when he tripped and fell as a result of a sidewalk defect at or near 106-02 Sutter Avenue, in Queens County. He commenced the instant action against, among others, the defendant City of New York. In the notice of claim and verified complaint, the plaintiff did not allege that the City had received prior written notice of the alleged sidewalk defect (*see* Administrative Code of City of NY § 7-201 [c]).

In 2010, the City moved for summary judgment dismissing the complaint insofar as asserted against it, or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, on the ground that the plaintiff had failed to plead and provide it with prior written notice as required by Administrative Code of the City of New York § 7-201 (c). The plaintiff cross-moved to amend the pleadings and the notice of claim to add an allegation that the City received prior written notice of the alleged sidewalk defect, relying upon a map submitted to the New York City Department of Transportation on July 30, 2003, by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter the Big Apple map). The Supreme Court granted the City's motion and denied, as academic, the plaintiff's cross motion.

With regard to that branch of the City's motion which was for summary judgment, it was untimely made and the Supreme Court improvidently exercised its discretion in considering that branch, since the City failed to offer any excuse for its failure to timely move for summary judgment (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *Ofman v Ginsberg*, 89 AD3d 908, 909 [2011]; *Brewi-Bijoux v City of New York*, 73 AD3d 1112, 1113 [2010]). In any event, since there are factual

disputes regarding the precise location of the defect that allegedly caused the plaintiff's fall and whether the alleged defect is designated on the Big Apple map, the question should be resolved by the jury (*see Mora v City of New York*, 103 AD3d 610 [2013]; *Brown v City of New York*, 90 AD3d 591 [2011]; *Bradley v City of New York*, 38 AD3d 581, 582 [2007]; *Cassuto v City of New York*, 23 AD3d 423, 424 [2005]).

Moreover, the Supreme Court erroneously granted that branch of the City's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that the plaintiff had failed to plead prior written notice of the alleged sidewalk defect. Instead, under the facts of this case, the Supreme Court should have granted the plaintiff's cross motion and permitted him to amend the pleadings and the notice of claim to add an allegation that the City received prior written notice of the alleged sidewalk defect where, as here, the amendment would not prejudice or surprise the City (*see* CPLR 3025; General Municipal Law § 50-e [6]; *Reyes v City of New York*, 63 AD3d 615, 616 [2009]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.