■ JAMIA DEGROAT, an Infant, by Her Mother and Natural Guardian, CHAKA RITCHIE, et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [48 NYS3d 495]—

In an action to recover damages for personal injuries, etc., the defendants City of New York, NYC Department of Transportation, and NYC Department of Environmental Protection appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated January 28, 2015, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when a vehicle in which she was a passenger left the roadway at the intersection of Bay Street and Slosson Terrace, in Staten Island, and struck a tree. The infant plaintiff, by her mother, and her mother, individually, commenced this action to recover damages for personal injuries, alleging that a dip or depression in the roadway on Bay Street, at the northwest corner of that intersection, caused the driver to lose control of the vehicle, resulting in the accident. The defendants City of New York, NYC Department of Transportation, and NYC Department of Environmental Protection (hereinafter collectively the City defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, inter alia, for failure to correctly identify the accident location in the notice of claim and for failure to plead prior written notice, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they lacked prior written notice of the alleged defect pursuant to Administrative Code of the City of New York § 7-201 (c) (2) (hereinafter the Pothole Law). The Supreme Court denied the motion.

The Pothole Law provides, in relevant part, that no civil action may be maintained against the City for personal injuries sustained as a consequence of an alleged dangerous condition in the roadway unless, inter alia, written notice of the defective condition was actually given to the appropriate person authorized to receive such notice, or there is a written acknowledgment of the defective condition from the City (see Bruni v City of New York, 2 NY3d 319, 324 [2004]; Administrative Code of City of NY § 7-201 [c] [2]).

Here, the City defendants failed to establish, prima facie, the absence of any written notice or acknowledgment of the alleged dangerous condition. In support of their motion, the City defendants submitted a number of internal incident reports, work

orders, permits, and maps relevant to the general area where the accident allegedly occurred. These documents showed that a water main break affecting Slosson Terrace and Bay Street occurred in January 2010, approximately six months before the subject accident. While the City defendants established that many of these documents related to discrete locations other than the particular corner where the accident allegedly occurred (*see D'Onofrio v City of New York*, 11 NY3d 581 [2008]; *Hanley v City of New York*, 139 AD3d 800 [2016]), they failed, prima facie, to disprove the relevance of other documents pertaining more specifically to the intersection of Bay Street and Slosson Terrace.

Accordingly, the Supreme Court properly denied that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mora v City of New York*, 103 AD3d 610, 611 [2013]).

Contrary to the City defendants' contention, there are no grounds to dismiss the complaint insofar as asserted against them for failure to accurately identify the location of the accident in the notice of claim. The plaintiffs have consistently maintained that the accident occurred on Bay Street, at the northwest corner of the intersection with Slosson Terrace, and they are not seeking to amend their notice of claim (*see e.g. Torres v Town of Babylon*, 123 AD3d 1007 [2014]). The fact that one of the individual defendants disputed the location of the accident during her deposition does not conclusively establish that the information contained in the notice of claim was incorrect.

The City defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the City defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.