■ Maria C. Llanos, Appellant, v Rita Stark, Individually and as Executrix of Fred Stark, Deceased, et al., Respondents. [57 NYS3d 502]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated December 5, 2014, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The plaintiff allegedly was injured when she stepped into a pothole while crossing Atkins Avenue in Brooklyn, just outside the gate of the tenants' parking lot for the Arlington Village apartment complex (hereinafter Arlington Village) where she lived. The plaintiff commenced this action against the owner of Arlington Village, the defendant Rita Stark, as executrix of estate of Fred Stark, and Rita Stark, individually (hereinafter the owner), and the defendant City of New York, to recover damages for her alleged personal injuries. The City and the owner separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted both motions, and the plaintiff appeals. We reverse.

Insofar as relevant here, pursuant to Administrative Code of the City of New York § 7-201 (c) (2), no civil action may be maintained against the City for personal injuries sustained as a consequence of an alleged dangerous condition in the roadway unless written notice of the defective condition was actually given to the appropriate person authorized to receive such notice, or there is a written acknowledgment from the City of the defective condition (*see Bruni v City of New York*, 2 NY3d 319, 324 [2004]; *DeGroat v City of New York*, 148 AD3d 670 [2017]). The City failed to establish, prima facie, the absence of a written acknowledgment of the alleged dangerous condition. Documents produced by the City's Department of Transportation demonstrated that the City acknowledged in writing that a pothole existed in the vicinity of the plaintiff's accident (*see Bruni v City of New York*, 2 NY3d at 325; *DeGroat v City of New York*, 148 AD3d 670 [2017]). Any dispute as to the precise location of the noticed pothole is a question of fact for the jury (*see Donnellan v City of New York*, 112 AD3d 780, 781 [2013]; *Almadotter v City of New York*, 15 AD3d 426, 427 [2005]; *Quinn v City of New York*, 305 AD2d 570, 571 [2003]). Accordingly, the Supreme Court should have denied the City's motion regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Likewise, the owner failed to meet her prima facie burden. Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street "is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]). However, liability may be imposed on an abutting property owner where, inter alia, the owner of the abutting property caused the condition to occur through a special use of that area (*see Lewis v Palazzolo*, 143 AD3d 783, 785 [2016]; *Ankin v Spitz*, 129 AD3d 1001, 1002 [2015]). Here, the owner failed to demonstrate, prima facie, that she did not cause the alleged condition to occur because of some special use. The record establishes that the area where the plaintiff was injured was at the dead-end of Atkins Avenue, which was bordered on each side by Arlington Village apartment buildings. Indeed, part of Atkins Avenue is used for a parking lot solely for the benefit of Arlington Village tenants. The parking lot is partitioned from Atkins Avenue by chain link fencing and a gate maintained by the owner. The garbage dumpsters maintained for use by the tenants of Arlington Village are kept in the parking lot. There are no sidewalks in the dead-end area of Atkins Avenue. Accordingly, the roadway was used by tenants and employees of Arlington Village as a walkway, as a driveway for their vehicles, and as a driveway and walkway to access the adjacent parking lot and the garbage dumpsters. Thus, the owner failed to establish, prima facie, that she did not derive a special use from the area which contained the defect. Furthermore, "[w]hether an entity is liable for creating a defect as a special user is generally a question for the jury" (*Posner v New York City Tr. Auth.*, 27 AD3d 542, 544 [2006]). Here, the Supreme Court erred in its determination that the owner derived no special benefit from the location of the defect which was unrelated to the public use and which contributed to the defect (*see Alleyne v City of New York*, 89 AD3d 970, 972 [2011]; *Moscato v City of New York*, 16 AD3d 470, 470-471 [2005]; *Randazzo v 580 Sunrise Realty Co.*, 275 AD2d 449, 449 [2000]). Therefore, the court should have denied the owner's motion for summary judgment dismissing the complaint insofar as asserted against her, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.