Williams v New York City Tr. Auth. (2019 NY Slip Op 06187)





Williams v New York City Tr. Auth.


2019 NY Slip Op 06187


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-08648
 (Index No. 34808/05)

[*1]Aldena O. Williams, etc., et al., respondents,
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Gregory J. Cannata & Associates, LLP, New York, NY (Alison Cannata Hendele of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendants appeal from an amended judgment of the Supreme Court, Kings County (Gloria M. Dabiri, J.), entered July 13, 2016. The amended judgment, upon a jury verdict apportioning 65% liability to the defendants and 35% liability to the plaintiffs' decedent, and awarding the plaintiffs the principal sums of $150,000 for past lost earnings, $100,000 for the decedent's pre-impact terror, $100,000 for the decedent's post-impact conscious pain and suffering, $750,000 for past pecuniary damages, and $750,000 for future pecuniary damages, upon an order of the same court dated March 11, 2016, inter alia, denying that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, and upon the plaintiffs' stipulation to a reduction of the jury award for past lost earnings from $150,000 to $0, is in favor of the plaintiffs and against the defendants in the principal sums of $65,000 for the decedent's pre-impact terror, $65,000 for the decedent's post-impact conscious pain and suffering, $487,500 for past pecuniary damages, and $487,500 for future pecuniary damages.
ORDERED that the amended judgment is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint is granted, the order dated March 11, 2016, is modified accordingly, and the complaint is dismissed.
On June 7, 2005, Ronald E. Williams (hereinafter the decedent) died shortly after being run over by a subway train of the defendant New York City Transit Authority (hereinafter NYCTA), while the train was located in the relay tunnel of the Number 4 train line just south of the Utica Avenue Station, which is the last stop for southbound passengers on that line. The relay tunnel is an area where trains travel over a series of tracks and switches to reposition themselves from the southbound tracks to the northbound tracks.
The plaintiffs, Aldena O. Williams and Joan Alexandria Bruce, as co-administratrices of the decedent's estate, and the decedent's wife, Aldena O. Williams, individually, commenced this action, inter alia, to recover damages for wrongful death against the NYCTA and the Metropolitan Transportation Authority (hereinafter the MTA), alleging, among other things, that the defendants were negligent in inspecting the subject train cars to make sure no passengers were left on the train [*2]before bringing it into the relay tunnel, and that as a result of their negligence, the decedent, who was intoxicated at the time with a blood alcohol content of .27%, was left on the train as it entered the relay tunnel and subsequently fell off the train and onto the tracks, sustaining fatal injuries.
Following a trial, the jury rendered a verdict finding that the defendants were negligent in their inspection of the train before it entered the relay tunnel and that their negligence was a proximate cause of the decedent's injuries and death, and apportioning 65% liability to the defendants and 35% liability to the decedent. By order dated March 11, 2016, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint. The plaintiffs thereafter stipulated to reduce the jury award for past lost earnings from $150,000 to $0. An amended judgment was entered thereafter, in favor of the plaintiffs and against the defendants in the principal sums of $65,000 for the decedent's pre-impact terror, $65,000 for the decedent's post-impact conscious pain and suffering, $487,500 for past pecuniary damages, and $487,500 for future pecuniary damages, reflective of the jury's apportionment of comparative fault. The defendants appeal, and we reverse.
Before granting a motion pursuant to CPLR 4404(a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499; Williams v New York City Tr. Auth., 31 AD3d 631). In considering such a motion, the evidence must be viewed in the light most favorable to the nonmoving party (see Leonard v New York City Tr. Auth., 90 AD3d 858, 859).
Here, viewing the evidence in the light most favorable to the plaintiffs, there is no valid line of reasoning and permissible inferences which could possibly lead rational people to conclude that the defendants' alleged negligence was a proximate cause of the decedent's injuries and death (see Rodriguez v New York City Tr. Auth., 286 AD2d 681, 681-682). Even assuming that the defendants' employees were negligent in failing to remove the decedent from the train before it was taken into the subject relay tunnel, the defendants' negligence merely furnished the condition or occasion for the occurrence of the decedent's fall from the train (see Riccio v Kid Fit, Inc., 126 AD3d 873, 874; Wright v New York City Tr. Auth., 221 AD2d 431, 432), rather than being one of its proximate causes. While the record evidence supports the plaintiffs' theory that the decedent was in the area between the two northernmost subway cars when he fell to the tracks below, the circumstances that led the decedent to be in that area, and the cause of the fall itself, remain unknown and, therefore, speculative (see Motto v New York City Tr. Auth., 13 AD3d 170; Thomas v New York City Tr. Auth., 194 AD2d 663; Heyward v New York City Transit Auth., 76 AD2d 880, 881, affd 52 NY2d 846). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.
In light of our determination, we need not reach the defendants' remaining contentions.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court