Rodriguez v City of New York (2020 NY Slip Op 06468)





Rodriguez v City of New York


2020 NY Slip Op 06468


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 311227/11 Appeal No. 12359 Case No. 2019-3990 

[*1]Luis A. Rodriguez, Plaintiff-Appellant,
v
The City of New York, Defendant, 641 West 230th, L.L.C. et al., Defendants-Respondents.


Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York (Meredith B. Lander of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 26, 2019, which granted the motion of defendants 641 West 230th, L.L.C. and Riverdale Nursing Home, Inc. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants' motion for summary judgment was properly granted in this action where plaintiff was injured when he tripped and fell in the public street adjacent to defendants' nursing home. The City of New York is responsible for repair and maintenance of the public roadway (Administrative Code of City of NY § 7—201[a], [c]), and defendants did not make any special use of the roadway or derive any special benefit therefrom in a way that would permit the imposition of a maintenance obligation on them (see Granville v City of New York, 211 AD2d 195 [1st Dept 1995]). The nursing home abutted the street, but no special structure or instrumentality was "installed at their behest or for their benefit" that would give rise to an obligation to maintain or repair the public street (Kaufman v Silver, 90 NY2d 204, 207 [1997]; Balsam v Delma Eng'g Corp., 139 AD2d 292, 298 [1st Dept 1988], lv dismissed in part and denied in part 73 NY2d 783 [1988]). The fact that nursing home visitors walked across the road to reach the front entrance does not constitute a special use of the road for the benefit of the nursing home (see Hernandez v Ortiz, 165 AD3d 559, 560 [1st Dept 2018]; compare Llanos v Stark, 151 AD3d 836 [2d Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020