■ OCEAN CLUB, INC., Appellant, v INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent. [774 NYS2d 807]—

In an action, inter alia, for a preliminary injunction prohibiting the defendant from interfering with the plaintiff's use of certain property for parking, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered October 22, 2002, which denied its motion for a preliminary injunction, in effect, enjoining the defendant from requiring a permit for vehicles parking on the strip of property in question and interfering with its use of the strip of property.

Ordered that the order is affirmed, with costs.

"To prevail on a motion for a preliminary injunction, a movant must establish the likelihood of success on the merits, irreparable injury in the absence of an injunction, and a balance of equities in its favor" (*JDOC Constr. v Balabanow*, 306 AD2d 318, 319 [2003]; *see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]).

Contrary to the plaintiff's contention, the Supreme Court correctly concluded that the defendant's use of the approximately 12.6 foot by 440 foot strip of property adjacent to the plaintiff's premises for municipal parking, and requiring a permit to park on that strip of property, is consistent with the defendant's public highway easement (*see New York State Pub. Empls. Fedn., AFL-CIO v City of Albany*, 72 NY2d 96, 102 [1988]; *see generally Thompson v Orange & Rockland Elec. Co.*, 254 NY 366 [1930]). Accordingly, the plaintiff failed to establish a likelihood of success on the merits, and the Supreme Court properly denied the motion.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.