■ Sarah Hospodar-Anikin et al., Appellants, v City of New York, Respondent, et al., Defendants. [786 NYS2d 530]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Weiss, J.), dated May 21, 2003, which, upon a jury verdict on the issue of liability finding the plaintiff Sarah Hospodar-Anikin 70% at fault and the defendant City of New York 30% at fault in the happening of the accident, and upon a jury verdict finding that she sustained damages in the sums of only $10,000 for past pain and suffering, $10,000 for future pain and suffering, $10,000 for past medical expenses, and $10,000 for future medical expenses, and finding that the plaintiff Andre V. Onikin sustained no damages for loss of services, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff Sarah Hospodar-Anikin and against the defendant City of New York in the principal sum of only $12,000 (30% of $40,000).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff Sarah Hospodar-Anikin damages for past pain

and suffering, and a new trial is granted on the issue of those damages only; as so modified, the judgment is affirmed, with costs to the plaintiffs, unless within 30 days after service upon the defendant City of New York of a copy of this decision and order, the defendant City of New York shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict finding that she sustained damages for past pain and suffering from the sum of $10,000 to the sum of $100,000, and the net award of damages from the sum of $12,000 to the sum of $39,000 (30% of $130,000); in the event that the defendant City of New York so stipulates, then the amended judgment, as so increased and amended, is affirmed, without costs or disbursements.

On January 7, 1999, the plaintiff Sarah Hospodar-Anikin (hereinafter Sarah) injured her left knee when she tripped and fell on an alleged defect in the sidewalk in front of premises located in Forest Hills, Queens.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Corcoran v People's Ambulette Serv.,* 237 AD2d 402 [1997]; *Nicastro v Park,* 113 AD2d 129 [1985]). It is for the trier of fact to determine the credibility of the witnesses, and great deference is accorded to the factfinder, who had the opportunity to see and hear the witnesses (*see Corcoran v People's Ambulette Serv., supra*). A review of the evidence in this case demonstrates that a fair basis existed for the jury verdict on the issue of liability (*see Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470,* 239 AD2d 339 [1997]).

However, we agree with the plaintiffs that the jury's verdict finding that the plaintiff Sarah Hospodar-Anikin sustained damages in the sum of $10,000 for past pain and suffering deviates materially from what would be reasonable compensation. Under the circumstances of this case, including the fact that the injured plaintiff underwent multiple surgical procedures, $100,000 represents reasonable compensation for her past pain and suffering (*see generally Van Ness v New York City Tr. Auth.,* 288 AD2d 374 [2001]; *Serra v City of New York,* 215 AD2d 643 [1995]; *Maffucci v Salem Truck Leasing Co.,* 207 AD2d 332 [1994]; *Castellano v City of New York,* 183 AD2d 800 [1992]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.