■ ANN CASSUTO, Respondent, v CITY OF NEW YORK et al., Appellants. [805 NYS2d 580]—

In an action to recover damages for personal injuries, the defendant City of New York and the defendant Rodrigue Dufresne separately appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered October 22, 2004, which, upon a jury verdict on the issue of liability finding the City of New York 90% at fault in the happening of the accident and Rodrigue Dufresne 10% at fault in the happening of the accident, upon a jury verdict on the issue of damages, as reduced pursuant to stipulation, awarding the plaintiff the sums of $24,208.03 for medical expenses, $250,000 for past pain and suffering, and $115,000 for future pain and suffering, and upon the denial of the separate motions of the City of New York and Rodrigue Dufresne pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and as excessive, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with one bill of costs.

On July 20, 2002, the plaintiff, Ann Cassuto, was walking with her shopping cart on the sidewalk in front of a house owned by the defendant Rodrigue Dufresne (hereinafter the homeowner), in Brooklyn, when her shopping cart allegedly "stopped short" on a raised cement slab, causing her to "flip [ ] over." As a result of the fall, the plaintiff sustained several injuries, including a fractured nasal bone that required surgery. The

plaintiff commenced this action against the City of New York and the homeowner. At trial, she testified that the slab was raised approximately three inches. In addition, the evidence established that in February 2002 the homeowner had repair work done to the sidewalk in front of his home.

At the close of the plaintiff's case, the City moved to dismiss the action insofar as asserted against it on the ground that the map submitted to the New York City Department of Transportation (hereinafter the DOT) on February 22, 2002, by the Big Apple Sidewalk Protection Corporation (hereinafter Big Apple), which allegedly established prior written notice of an "[e]xtended section of raised or uneven sidewalk," did not depict the defect that caused the plaintiff's fall.

Prior written notice of a sidewalk defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City under the Administrative Code of the City of New York § 7-201 (c) (see Quinn v City of New York, 305 AD2d 570, 571 [2003]; Katz v City of New York, 87 NY2d 241, 243 [1995]; Weinreb v City of New York, 193 AD2d 596, 598 [1993]). Big Apple's maps submitted to the DOT may serve as prior written notice of a defective condition (see Patane v City of New York, 284 AD2d 513 [2001]; David v City of New York, 267 AD2d 419 [1999]). Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by the jury (see Patane v City of New York, supra at 514-515; David v City of New York, supra at 420). The court properly instructed the jury to determine whether the map provided prior written notice of the defect that caused the accident.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Hospodar-Anikin v City of New York, 12 AD3d 405, 406 [2004]; Goldman v City of New York, 8 AD3d 528, 529 [2004]; see also Nicastro v Park, 113 AD2d 129, 134 [1985]). It is for the trier of fact to determine the credibility of the witnesses, and great deference is accorded to the fact-finder, who had the opportunity to see and hear the witnesses (see Corcoran v People's Ambulette Serv., 237 AD2d 402, 403 [1997]). A review of the evidence in this case demonstrates that a fair basis existed for the jury verdict on the issue of liability (see D'Ambrosio v City of New York, 55 NY2d 454 [1982]).

The award of damages did not materially deviate from what would be reasonable compensation (see CPLR 5501 [c]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.