◼ JOHN NAPOLITANO, Appellant, v CARMINE AGNELLO et al., Respondents. [821 NYS2d 906]—In a consolidated action, inter alia, in the nature of a shareholder's derivative action to recover damages for breach of fiduciary duty and waste of corporate assets, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), dated August 19, 2004, as amended April 26, 2005, and August 25, 2005, which upon a jury verdict in favor of, among others, the defendants Carmine Agnello, Steve Scala, and New York Shredding Corp., and against him, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against him, dismissing the consolidated action.

Ordered that the judgment, as amended, is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Cassuto v City of New York*, 23 AD3d 423 [2005]; *Harris v Marlow*, 18 AD3d 608 [2005]). It is for the trier of fact to determine the credibility of the witnesses, and great deference is accorded to the fact-finder, who had the opportunity to see and hear the witnesses (*see Cassuto v City of New York, supra*). In this case, a review of the evidence demonstrates that the jury could have credited the testimony of the defendants Carmine Agnello and Steve Scala and reasonably concluded that the plaintiff had unclean hands with respect to the derivative claim. Therefore, the verdict in favor of the defendants was not against the weight of the evidence.

The plaintiff's remaining contentions are unpreserved for appellate review and, in any event, without merit. Schmidt, J.P., Fisher, Dillon and Covello, JJ., concur.