ROBERT A. GRIESBECK et al., Appellants, v COUNTY OF SUFFOLK, Respondent, et al., Defendants. [843 NYS2d 162]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 25, 2006, as granted the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the defendant County of Suffolk was entitled to summary judgment dismissing the complaint insofar as asserted against it. Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies (*see Cendales v City of New York,* 25 AD3d 579 [2006]; *Field v Stubelek,* 238 AD2d 467 [1997]; *Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332 [1994]). Here, the County established its prima facie entitlement to summary judgment by submitting evidence that it had no prior written notice of the roadway defect which allegedly caused the automobile collision at issue. In opposition, the plaintiffs failed to raise a triable issue of fact regarding whether the County had received prior written notice or whether an exception to the prior written notice requirement applied (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Passaro v City of Newburgh,* 272 AD2d 385 [2000]; *Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670 [1993]).

The plaintiffs' constructive notice contentions as to Highway Law § 139 (2) were not raised before the Supreme Court, and thus have not been considered on appeal. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.