GALINA BOGOROVA, Respondent, v INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant. [858 NYS2d 349]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.) dated December 20, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In 1991 the defendant Incorporated Village of Atlantic Beach enacted a prior written notice law (see Code of Vil of Atlantic Beach, art III, §§ 200-13, 200-14, 200-15). On July 31, 2005 the plaintiff allegedly was injured when she tripped on a defect in a roadway owned and maintained by the Village as a parking area for holders of parking permits, which were available to the general public upon payment of a fee. The plaintiff commenced this action against the Village and, following the completion of discovery, the Village moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect. The Supreme Court denied the motion. We reverse.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (*Griesbeck v County of Suffolk,* 44 AD3d 618, 619 [2007]). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a "special use" confers a special benefit upon the municipality (*Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; see *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]).

In addressing the claims presented in this case, the Village established its prima facie entitlement to judgment as a matter

of law by presenting evidence (1) that a prior written notice law was in effect, (2) that the Village had not received prior written notice of the defect that allegedly caused the plaintiff's injuries (*see Rochford v City of Yonkers,* 12 AD3d 433 [2004]), (3) that the Village had not created the defect through an affirmative act of negligence (*see Mallory v City of New Rochelle,* 41 AD3d 556, 557 [2007]), and (4) that it had not derived a special benefit from a special use of the roadway at the location at which the plaintiff fell (*cf. Ocean Club v Incorporated Vil. of Atl. Beach,* 6 AD3d 593 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.