█ SUSAN RICK, Appellant, v PAUL J. DiFUSCO et al., Respondents. [892 NYS2d 475]—

The plaintiff allegedly was injured when she tripped and fell over a raised flagstone on the sidewalk in front of the defendants' home. The plaintiff subsequently commenced this action alleging, inter alia, that the defendants had created a dangerous condition by planting pachysandra, a type of evergreen ground-cover, and allowing it to spread onto the public sidewalk, thereby obscuring the raised flagstone. However, at her deposition, the plaintiff testified that she was aware of the existence of a raised flagstone in front of the defendants' home, and had probably seen it from a distance prior to her fall. The plaintiff further testified, that just before her fall, she heard the sound of children screaming, and that when she turned her head to the left to see what was wrong, her foot "hit something" and she "went flying." The defendants thereafter moved for summary judgment and the Supreme Court granted their motion, concluding that, even if the allegedly overgrown pachysandra constituted a dangerous condition for which the defendants could be held liable, it was not a proximate cause of the accident as a matter of law. We affirm.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law through the submission of the plaintiff's deposition testimony, which demonstrated that the defendants' alleged negligence in allowing pachysandra to spread onto the public sidewalk was not a proximate cause of the accident (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The affidavit which the plaintiff submitted in

opposition to the motion for summary judgment was insufficient to raise a triable issue of fact. Accordingly, the court properly granted the defendants' motion. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30247(U).]**