■ MERCEDES DE LA REGUERA, Respondent, v CITY OF MOUNT VERNON, Appellant. [904 NYS2d 108]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated May 20, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On August 30, 2006, the plaintiff allegedly was injured when she tripped on a pothole in the "permit only" area of a parking lot owned by the defendant, the City of Mount Vernon. The plaintiff possessed a city-issued permit allowing her to park in the "permit only" parking spaces within the parking lot, for which she paid a fee. The plaintiff commenced this action against the City and, thereafter, the City moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect, as required by the City's prior written notice law (see Charter of the City of Mount Vernon § 265). The Supreme Court denied the motion. We reverse.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (Griesbeck v County of Suffolk, 44 AD3d 618, 619 [2007]). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a "special use" confers a special benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]).

The City established its prima facia entitlement to judgment as a matter of law by presenting evidence that it had not received prior written notice of the defect that allegedly caused the plaintiff's injuries (see Rochford v City of Yonkers, 12 AD3d 433 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the "special use" excep-

tion by failing to make a showing of any nexus between the alleged "special use" of issuing parking permits and the alleged pothole which caused her injury (*see Bogorova v Incorporated Vil. of Atl. Beach*, 51 AD3d 840, 841 [2008]). The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.