■ Schandles McKeithen Daniels, Respondent, v City of New York, Appellant, et al., Defendants. [936 NYS2d 897]—

The plaintiff alleged that she fell on a "sunken and uneven portion of the crosswalk/roadway" while crossing the southbound traffic lanes of Court Street in the northern crosswalk at the intersection of Court Street and Montague Street in Brooklyn. The map filed with the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation included two notations near that area, containing the map's symbol for "[e]xtended section of broken, misaligned, or uneven curb." It also included a notation indicating a "[p]othole or other hazard" in the portion of the northern crosswalk that traversed the northbound traffic lanes. There was no notation indicating any crosswalk or roadway hazard on the portion of the northern crosswalk that traversed the southbound traffic lanes.

"Administrative Code of the City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects . . . which its officials have been actually notified exist at a specified location" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]). Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City (*see Katz v City of New York*, 87 NY2d at 243; *Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633 [1974]).

The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have written notice of the alleged defect in the sidewalk at the location where the plaintiff allegedly fell and that it did not create the allegedly defective condition. None of the defects shown on the Big Apple map was the one on which the plaintiff's claim was based, and, therefore the map did not give the City written notice of the defect. In opposition, the plaintiff failed to raise a triable issue

of fact. Accordingly, the City was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see D'Onofrio v City of New York*, 11 NY3d 581, 585 [2008]; *Roldan v City of New York*, 36 AD3d 484 [2007]; *Waner v City of New York*, 5 AD3d 288 [2004]; *Camacho v City of New York*, 218 AD2d 725, 726 [1995]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.