■ ETHEL M. BURWELL, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Respondent-Appellant, and SUBWAY et al., Appellants-Respondents, et al., Defendant. [948 NYS2d 401]—

On November 6, 2003, the plaintiff allegedly sustained personal injuries when her vehicle struck the protruding base of a fire hydrant as she drove over a sidewalk while attempting to enter the parking lot of commercial premises owned by the defendants Shmuel Zeevi, also known as Sam Zeevi, Odelia Zeevi, Paul Brenner, and Jeanette Nardi, also known as Jeantette Nardi (hereinafter collectively the property owners), and leased to the defendant Subway. She subsequently commenced this action against the property owners, Subway, and the City of New York, among others, alleging, among other things, that the several defendants negligently maintained the curb, sidewalk, and hydrant in violation of Administrative Code of the City of New

York §§ 7-210 and 19-152. Specifically, the plaintiff alleged that the defendants negligently permitted the curb of the sidewalk to deteriorate to such an extent that it provided no barrier between the sidewalk flagstone and the roadway, and that they permitted the broken hydrant to obstruct the normal flow of traffic into and out of the parking lot.

The property owners and Subway made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them through the submission of the transcript of the plaintiff's deposition testimony, which demonstrated that the alleged deterioration of the curb was not a proximate cause of the accident (*see Rick v DiFusco*, 69 AD3d 603 [2010]). The property owners and Subway also established that they had no duty to maintain or repair the hydrant. In opposition, the plaintiff and the City failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the motion of the property owners and Subway for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Nevertheless, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as against it. Subject to two exceptions which we need not address in connection with this appeal, where a municipality has enacted a prior written notice statute such as Administrative Code of the City of New York § 7-201 (c) (2), it may not be subjected to liability for injuries arising from a defective roadway unless it has received timely prior written notice of the defective condition (*see De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Griesbeck v County of Suffolk*, 44 AD3d 618, 619 [2007]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512 [2005]).

Here, a map prepared by the Big Apple Pothole and Sidewalk Protection Corporation, which was submitted by the City in support of its motion, reflects prior written notice to the City of an "obstruction protruding from the sidewalk" in the vicinity of the plaintiff's accident. Accordingly, contrary to the City's contention, it failed to establish its prima facie entitlement to judgment as a matter of law by providing evidence that it did not have prior written notice of the alleged defective condition of the fire hydrant, as required by the Administrative Code of the City of New York (*cf. Daniels v City of New York*, 91 AD3d 699, 700-701 [2012]; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *Marshall v City of New York*, 52 AD3d 586 [2008]). Since the City failed to meet its prima facie burden, and its

cross motion was premised solely on the absence of prior written notice, the cross motion for summary judgment was properly denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Amendola v City of New York*, 89 AD3d 775, 776 [2011]). Rivera, J.P., Eng, Lott and Cohen, JJ., concur.