In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated December 8, 2011, which denied their motion for summary judgment dismissing the complaint.
*866 Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when the bicycle that he was riding came into contact with a pothole, causing him to fall. As a result, the plaintiff commenced this action against the defendants City of New York and the New York City Department of Transportation. The defendants moved for summary judgment dismissing the complaint, contending that they did not have prior written notice of the alleged defect. The plaintiff opposed the motion, contending, inter alia, that the most recent map submitted to the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple) provided prior written notice of the subject pothole. The Supreme Court denied the motion.
Subject to two exceptions which we need not address in connection with this appeal, “where a municipality has enacted a prior written notice statute such as Administrative Code of the City of New York § 7-201 (c) (2), it may not be subjected to liability for injuries arising from a defective roadway unless it has received timely prior written notice of the defective condition” (Burwell v City of New York, 97 AD3d 617, 618 [2012]; see Levy v City of New York, 94 AD3d 1060 [2012]; De La Reguera v City of Mount Vernon, 74 AD3d 1127 [2010]; Cendales v City of New York, 25 AD3d 579 [2006]). A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition (see Adamson v City of New York, 87 AD3d 1088 [2011]; Vertsberger v City of New York, 34 AD3d 453 [2006]; Cassuto v City of New York, 23 AD3d 423 [2005]).
Here, the defendants failed to establish, prima facie, that they did not have prior written notice of the alleged defect. Where, as here, “there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiffs fall, and whether the alleged defect is designated on the map, the question should be resolved by the jury” (Cassuto v City of New York, 23 AD3d at 424; see Brown v City of New York, 90 AD3d 591 [2011]; Vertsberger v City of New York, 34 AD3d at 455-456; Quinn v City of New York, 305 AD2d 570 [2003]). Since the defendants failed to establish their entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Accordingly, the Supreme Court correctly denied the defendants’ motion for summary judgment dismissing the complaint.
Contrary to the defendants’ contention, the issue they raise for the first time on appeal does not merely involve a question of law, and is not properly before this Court (see Tokio Mar. & *867 Fire Ins. Co. v Abdor-Florida, Inc., 35 AD3d 724 [2006]; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475 [1998]). Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.