■ FRANCIS WALKER, Respondent, v DEVARIS M. JENKINS et al., Defendants, and CITY OF NEW YORK, Appellant. [27 NYS3d 242]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated October 9, 2013, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a vehicle in which she was a passenger came into contact with a pothole at the intersection of Marcus Garvey Boulevard and Lafayette Avenue in Brooklyn. The impact with the pothole allegedly caused the driver of the vehicle to lose control of the vehicle and strike a nearby grocery store. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant City of New York, alleging that the City had prior written notice of the pothole. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the pothole. In support of its motion, the City submitted evidence including the most recent map submitted to the Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple). The plaintiff opposed the motion, contending that the map submitted by the City in support of its motion provided the City with prior written notice of the subject pothole. The Supreme Court denied the motion and the City appeals.

"Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City" (*Daniels v City of New York*, 91 AD3d 699, 700 [2012]). A Big Apple map submitted to the Department of Transportation may serve as prior written notice of a defective condition (*see Vertsberger v City of New York*, 34 AD3d 453 [2006]; *Cassuto v City of New York*, 23 AD3d 423 [2005]).

Here, the City failed to establish, prima facie, that it did not have prior written notice of the pothole. Where, as here, there are factual disputes regarding the precise location of the pothole that allegedly caused the plaintiff's accident, and whether the pothole is designated on the Big Apple map, the question should be resolved by a jury (*see Cassuto v City of New York*, 23 AD3d 423 [2005]; *see also Chia v City of New York*, 109 AD3d 865 [2013]; *Brown v City of New York*, 90 AD3d 591 [2011]; *Vertsberger v City of New York*, 34 AD3d 453 [2006]). Since the City failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.