Arutyunov v City of New York (2019 NY Slip Op 06582)





Arutyunov v City of New York


2019 NY Slip Op 06582


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-03920
 (Index No. 14740/12)

[*1]Artur Arutyunov, et al., appellants, 
v
City of New York, respondent.


Zimmerman Law, P.C., Huntington Station, NY (Gary R. Novins of counsel), for appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Fay Ng and Nwamaka Ejebe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 12, 2017. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On August 13, 2011, the plaintiff Artur Arutyunov (hereinafter the injured plaintiff) allegedly was walking on 19th Street between Avenue Y and Avenue X in Brooklyn when he tripped and fell on an uneven sidewalk condition. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendant, the City of New York. The plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiffs appeal.
"Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects . . . which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243). "Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City" (Daniels v City of New York, 91 AD3d 699, 700). A map submitted by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter Big Apple) "to the Department of Transportation may serve as prior written notice of a defective condition" (Walker v Jenkins, 137 AD3d 1014, 1015; see Katz v City of New York, 87 NY2d at 243; Vertsberger v City of New York, 34 AD3d 453, 455; Cassuto v City of New York, 23 AD3d 423, 424). "Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by the jury" (Cassuto v City of New York, 23 AD3d at 424).
Here, in support of their motion, the plaintiffs failed to submit evidence sufficient to establish, prima facie, the precise location of the defective condition that allegedly caused the injured plaintiff to fall, and whether the alleged defective condition was designated on a certain Big Apple map submitted to the Department of Transportation (see Walker v Jenkins, 137 AD3d at 1015; Perez [*2]v City of New York, 110 AD3d 777, 778-779; Brown v City of New York, 90 AD3d 591; Cassuto v City of New York, 23 AD3d at 424). Since the plaintiffs failed to meet their initial burden as the movants, we agree with the Supreme Court's determination to deny their motion for summary judgment on the issue of liability without regard to the sufficiency of the City's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court