D. D. v Incorporated Vil. of Freeport (2020 NY Slip Op 04727)





D. D. v Incorporated Vil. of Freeport


2020 NY Slip Op 04727


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-08167
 (Index No. 610023/17)

[*1]D. D., etc., respondent, 
v
Incorporated Village of Freeport, appellant.


Gallo Vitucci Klar LLP, Woodbury, NY (Marc C. Pottak of counsel), for appellant.
Zemsky and Salomon PC, Hempstead, NY (Mitchell B. Koval of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 6, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On January 27, 2017, the plaintiff allegedly was injured when he tripped and fell on a defect in a sidewalk while walking along a public sidewalk adjacent to Municipal Parking Lot #13 within the defendant Incorporated Village of Freeport. The plaintiff commenced this action against the defendant, and, thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect. The Supreme Court denied the motion, and the defendant appeals.
" A municipality that has adopted a "prior written notice law" cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Betz v Town of Huntington, 106 AD3d 1041, 1041, quoting Forbes v City of New York, 85 AD3d 1106, 1107). There are two exceptions to the prior written notice requirement: where an affirmative act of negligence by the municipality creates the defect; or where a special use of the property confers a special benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d 471, 474).
Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by providing the affidavit of the Village Clerk, which indicated that she conducted a records search and found no prior written notice of a defective condition at the location alleged by the plaintiff (see Beiner v Village of Scarsdale, 149 AD3d 679). Furthermore, the defendant established, prima facie, that it did not create the allegedly defective condition through an affirmative act of negligence (see Abreu-Lopez v Incorporated Vil. of Freeport, 142 AD3d 515, 516), and did not derive a special benefit from a special use of the sidewalk at the location where the plaintiff fell (see Garcia v Thomas, 173 AD3d 842; Bogorova v Incorporated Vil. of Atl. Beach, 51 AD3d 840). In opposition, the plaintiff failed to raise a triable issue of fact with regard to the applicability of [*2]either the affirmative negligence exception (see Yarborough v City of New York, 10 NY3d at 728; Doherty v Town of Lewisboro, 154 AD3d 737, 739; Schleif v City of New York, 60 AD3d 926, 928) or the special use exception (see Williams v City of New York, 134 AD3d 809, 810; De La Reguera v City of Mount Vernon, 74 AD3d 1127, 1127-1128; Bogorova v Incorporated Vil. of Atl. Beach, 51 AD3d at 841). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court