Gurbanova v City of Ithaca (2025 NY Slip Op 07076)

Gurbanova v City of Ithaca

2025 NY Slip Op 07076

Decided on December 18, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2025

No. 102 

[*1]Lazifa S. Gurbanova, & c., Appellant,
vCity of Ithaca et al., Respondents, et al., Defendant.

Thomas H. Bouman, for appellant. 
P. David Twichell, for respondents. 

MEMORANDUM:
The order of the Appellate Division should be affirmed, with costs.
General Municipal Law § 50-e (4) authorizes municipalities to require prior written notice of hazard conditions at six enumerated locations, including "highway[s]," as a condition precedent to negligence liability. Contrary to plaintiffs' argument, the municipal parking lot where the accident occurred is an area properly covered under the City's prior written notice law. We have recognized that municipal parking lots fall within the definition of highways contained in General Municipal Law § 50-e (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]). In Groninger, we relied on Vehicle and Traffic Law § 118, which defines "highway" as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel" in determining that prior written notice requirements apply to such parking lots (id.).
The City's prior written notice requirement also extends to the bollard at issue. Although a bollard is an appurtenance installed into the surface of the paved area, and not necessarily part of the roadway as such, we have [*2]consistently held that similar kinds of appurtenances are subject to prior written notice requirements (see Amabile v City of Buffalo, 93 NY2d 471, 475-476 [1999] [broken metal sign post]; Poirier v City of Schenectady, 85 NY2d 310, 314 [1995] [metal sign post anchor]; see also Ferreira v County of Orange, 34 AD3d 724, 724-725 [2d Dept 2006] [guardrail separating road from a cliff]; Fein v City of Long Beach, 123 AD2d 662, 662 [2d Dept 1986], lv denied 69 NY2d 606 [1987] [parking meter pole]). Indeed, because the defective bollard would not have "ordinarily come to the attention of the Town officers unless they were given notice" it was exactly the type of defect intended to be covered by the requirement (see Hughes v Jahoda, 75 NY2d 881, 883 [1990]).
Prior written notice is not required "where the locality created the defect or hazard through an affirmative act of negligence" which "immediately results in the existence of a dangerous condition" (Oboler v City of New York, 8 NY3d 888, 889-890 [2007] [internal quotation marks and citations omitted])[FN1]. The exception is meant to "address[] situations where a hazard was foreseeable, insofar as the municipality created it" as opposed to situations where there is "difficulty in determining, after the passage of time," whether the municipality was initially negligent (San Marco v Vil./Town of Mount Kisco, 16 NY3d 111, 117 [2010]).
Plaintiffs failed to meet their burden raising a triable issue of fact as to whether the City caused or created an immediately dangerous condition through an act of affirmative negligence (see Groninger, 17 NY3d at 129; Oboler, 8 NY3d at 889-890). Nor did the affidavit from plaintiffs' expert create a triable issue of fact as to the City's affirmative negligence because, among other things, it did not tend to establish that the City left behind an unsafe condition at the time it installed the bollard 14 years prior to the accident. Although the expert opined that the bollard was unsafe from "the moment" it was installed, they failed to explain this conclusory opinion through reliance on industry standards or
empirical data, nor did they explain how their "professional experience in construction" supported their conclusion (see Diaz v New York Downtown Hospital, 99 NY2d 542, 544 [2002]; Mandel v Geloso, 206 AD2d 699, 699-700 [3d Dept 1994]). Rather, the summary judgment record suggests that, to the extent the installation method created a defect, any such defect resulted from the effects of environmental conditions over time. That is insufficient to establish an immediately dangerous condition under a "cause and create" theory of liability, especially in light of defendants' unrebutted evidence that the bollard was inspected annually and found to be in stable condition up to four years after its installation (see Oboler, 8 NY3d at 889-890).
Order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 18, 2025

Footnotes

Footnote 1: To the extent that the Appellate Division decision below required a showing that the dangerous condition also be "immediately apparent" upon its creation (234 AD3d 1147, 1150 [3d Dept 2025]), that seems to arise from a misreading of our decision in Calabrese v City of Albany, which did not require any such showing (see 43 NY3d 167, 178 [2024]).