Arruffat v Town of Middletown

2026 NY Slip Op 02899

May 7, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rosa M. Arruffat, Appellant,

v

Town of Middletown, Respondent.

Decided and Entered:May 7, 2026

CV-24-1506

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Kenneth J. Gorman, New York City, for appellant.

Drake Loeb PLLC, New Windsor (Adam L. Rodd of counsel), for respondent.

[*1]

Powers, J.

Appeal from a judgment of the Supreme Court (Brian Burns, J.), entered July 30, 2024 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action after she slipped and fell while depositing garbage at a waste transfer station owned and operated by defendant and located in the Town of Middletown, Delaware County. Plaintiff alleged that her fall was the result of icy conditions caused by defendant's failure to properly maintain the transfer station. Following joinder of issue and a General Municipal Law § 50-h hearing, defendant moved for summary judgment dismissing the complaint on the basis that it had not received notice of the allegedly defective condition as required by local law to maintain an action. Over plaintiff's objection, Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

We affirm. Where a municipality has passed a prior written notice rule, "a plaintiff may not bring a civil action against [that] municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (Votra v Village of Cambridge, 235 AD3d 1165, 1166 [3d Dept 2025] [internal quotation marks and citations omitted]). In this context, a municipal parking lot constitutes a highway (see Groninger v Village of Mamaroneck, 17 NY3d 125, 128 [2011]; Gurbanova v City of Ithaca, 234 AD3d 1147, 1148 [3d Dept 2025], affd ___ NY3d ___, 2025 NY Slip Op 07076 [2025]; Serba v Town of Glenville, 223 AD3d 1007, 1008 [3d Dept 2024]). Thus, "to establish entitlement to judgment as a matter of law, it is the municipality's initial burden to demonstrate that it did not receive the requisite written notice" (Schmid v Town of Ausable, 240 AD3d 1077, 1078 [3d Dept 2025]).

Defendant adopted a prior written notice rule (see Local Law No. 2004-01 of Town of Middletown) and its submissions, specifically the attestations of the Town Clerk and the Superintendent of the Highway Department, established that it did not receive prior written notice of the allegedly icy condition prior to plaintiff's fall. The submissions also demonstrate that where plaintiff parked her vehicle to unload her garbage and then fell was "part of the parking lot over which the public has a general right of passage" (Staudinger v Village of Granville, 304 AD2d 929, 930 [3d Dept 2003]). This area "functionally fulfills the same purpose that a standard [parking lot] would serve" — namely, a location for individuals to park a vehicle while accessing the transfer station — regardless of the need for a permit and despite the lack of established parking spaces (Hinton v Village of Pulaski, 33 NY3d 931, 932 [2019] [internal quotation marks and citations omitted]; see generally De La Reguera v City of Mount Vernon, 74 AD3d 1127, 1127-1128 [2d Dept 2010]; Bogorova v Incorporated Vil. [*2]of Atl. Beach, 51 AD3d 840, 840-841 [2d Dept 2008]).FN1

Any allegation plaintiff makes regarding constructive notice is irrelevant as it was established that defendant did not receive prior written notice (see Votra v Village of Cambridge, 235 AD3d at 1166; cf. Cook v City of Amsterdam, 173 AD3d 1420, 1421 [3d Dept 2019]). Therefore, defendant met its initial burden establishing entitlement to judgment as a matter of law (see Schmid v Town of Ausable, 240 AD3d at 1078-1079; Pellett v Town of Milton, 228 AD3d 1157, 1158 [3d Dept 2024]; Read v Bell, 206 AD3d 1120, 1121 [3d Dept 2022]; Harvish v City of Saratoga Springs, 172 AD3d 1503, 1503-1504 [3d Dept 2019]). The burden shifted to plaintiff to raise an issue of fact as to the applicability of the prior written notice requirement or an exception thereto (see Gurbanova v City of Ithaca, 234 AD3d at 1149; Clute v Town of Lisle, 225 AD3d 1042, 1043 [3d Dept 2024]).

In opposition, plaintiff principally asserts that the location where she fell does not qualify as a parking lot because of its restricted nature and, therefore, the prior written notice rule does not apply in the first instance. However, for the reasons explained above, this argument lacks merit (see De La Reguera v City of Mount Vernon, 74 AD3d at 1127-1128; Bogorova v Incorporated Vil. of Atl. Beach, 51 AD3d at 840-841; see generally Clute v Town of Lisle, 225 AD3d at 1045). She alternatively asserts that her proof submitted in opposition to defendant's motion established the exceptions to the requirement of prior written notice. In this respect, "[t]here are only two recognized exceptions to prior written notice laws — where the locality created the defect or hazard through an affirmative act of negligence and where a special use confers a benefit upon the locality" (Vnuk v City of Albany, 191 AD3d 1056, 1057 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 909 [2021]). Plaintiff's speculative assertions that defendant was negligent in its plowing and/or ice maintenance failed to raise a triable issue of fact as to whether it "act[ed] in a manner that immediately create[d] those conditions or engage[d] in behavior, such as removing snow in a manner that create[d] piles of snow, which carries the foreseeable, indeed known, risk of melting and refreezing that will cause ice to develop" (Pellet v Town of Milton, 228 AD3d at 1159 [internal quotation marks and citation omitted]; see Votra v Village of Cambridge, 235 AD3d at 1166-1167). For this reason, plaintiff failed to demonstrate that the first exception applies.

As to the second exception, "plaintiff did not [initially] allege that the subject condition was created by [defendant's] special use, and thus, [defendant] was not required to address this exception" in its motion (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529 [2d Dept 2014]; see Perez v City of New York, 116 AD3d 1019, 1020 [2d Dept 2014]). However, because defendant did address [*3]this exception and plaintiff responded thereto, we briefly address its applicability. In opposition to defendant's motion, plaintiff provided local laws related to the operation of the transfer station and state regulations regarding the operation of transfer stations generally. This proof does not relate to the area where members of the public park and plaintiff fell, but to the actual operation of the transfer station in the disposal of refuse. That being so, plaintiff failed to set forth how defendant "derive[s] a special benefit from [the parking area] unrelated to the public use, and the special use exception [also] does not apply" (D'Antuono v Village of Saugerties, 101 AD3d 1331, 1333 [3d Dept 2012] [internal quotation marks and citation omitted]; compare Clute v Town of Lisle, 225 AD3d at 1045). Accordingly, as plaintiff failed to raise a triable issue of fact in opposition, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Garry, P.J., Reynolds Fitzgerald, Mackey and Ryba, JJ., concur.

Ordered that the judgment is affirmed, without costs.

Footnotes

Footnote 1

To the extent plaintiff maintains that we are constrained by our decision in Seelinger v Town of Middletown (79 AD3d 1227 [3d Dept 2010]), that is not true. Although this Court held that "Supreme Court erred in finding, as a matter of law, that the transfer station where plaintiff fell was itself a parking lot," this holding was based upon the proof submitted therein which failed to explain "the physical layout or characteristics of the site" (id. at 1229). As the record here adequately describes the layout of the transfer station and, importantly, establishes that the location of plaintiff's fall was immediately next to her parked vehicle, we are not presented with this issue in the same context.