Landberg v City of New York
2026 NY Slip Op 03433
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Judith Landberg, appellant,
v
City of New York, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-02380, (Index No. 509670/18)
Hector D. Lasalle, P.J.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Michael Sanders of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for respondent City of New York.
Leon R. Kowalski (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for respondent Whitman Owner Corp.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated December 20, 2024. The order granted the separate motions of the defendant Whitman Owner Corp. and the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured when she tripped and fell on a loose brick in a tree well on a sidewalk abutting property owned by the defendant Whitman Owner Corp. (hereinafter Whitman). The plaintiff subsequently commenced this action to recover damages for personal injuries against Whitman and the defendant City of New York. After the completion of discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated December 20, 2024, the Supreme Court granted the separate motions. The plaintiff appeals.
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (Xianq Fu He v Troon Mgt., Inc., 34 NY3d 167, 169; see Shelby v Shalmer Trucking Corp., 240 AD3d 639, 640). Since section 7-210 is a legislative enactment in derogation of the common law that creates liability where none previously existed, it must be strictly construed (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520-521; Minqing Jin v Cheung's Holding Corp., 231 AD3d 821, 821). "[S]ection 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521; see Carmona v Preston, 231 AD3d 703, 704). Thus, liability may be imposed on the abutting landowner in such instances only where the landowner has affirmatively created the dangerous condition, negligently made repairs to the area, or caused the dangerous condition to occur through [*2]a special use of that area (see Brown v 1133 E., LLC, 236 AD3d 851, 852; Carmona v Preston, 231 AD3d at 704).
Here, Whitman established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it had no duty to maintain the City-owned tree well where the accident occurred, did not create the allegedly dangerous condition that caused the plaintiff to fall, did not negligently repair the tree well, and did not cause the condition to occur through any special use of the tree well (see Carmona v Preston, 231 AD3d at 704; Ivry v City of New York, 206 AD3d 980, 981). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged defect was part of the sidewalk.
Prior written notice of a defective condition is a condition precedent to maintain an action against a municipality where, as here, there is a local law requiring such notice (see Katz v City of New York, 87 NY2d 241, 243; Strazza v City of New York, 244 AD3d 1267, 1268). Administrative Code § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions that its officials have been actually notified exist at a specified location (see Katz v City of New York, 87 NY2d at 243; Leblanc v City of New York, 241 AD3d 1320, 1321). Where a municipality establishes, prima facie, that it was not provided with prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of an exception to that defense (see Yarborough v City of New York, 10 NY3d 726, 728; Morejon v New York City Tr. Auth., 216 AD3d 134, 137). There are two recognized exceptions to the rule—that the municipality affirmatively created the defect through an affirmative act of negligence that immediately resulted in the existence of a dangerous condition, or that a special use resulted in a special benefit to the municipality (see Gurbanova v City of Ithaca, ___ NY3d ___, ___, 2025 NY Slip Op 07076, *1; Yarborough v City of New York, 10 NY3d at 728). Even if a municipality performs a negligent repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable (see Yarborough v City of New York, 10 NY3d at 728; Goodman v City of New York, 230 AD3d 1115, 1117).
Here, the City established, prima facie, that it did not receive prior written notice of the alleged defect by submitting affirmations from three employees who averred that a search of records maintained by the Department of Transportation of the City of New York and the Department of Parks and Recreation of the City of New York, Central Forestry and Brooklyn Forestry, failed to reveal any prior written notice of a defective condition at the subject location for a period of two years prior to and including the date of the accident (see Flores-Da Silva v Long Is. Univ., 243 AD3d 642, 643; Pallotta v City of New York, 121 AD3d 656, 657). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City had prior written notice or created the alleged defect through an act of affirmative negligence (see Flores-Da Silva v Long Is. Univ., 243 AD3d at 643; Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871-872).
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see Paraskevopoulos v Voun Corp., 216 AD3d 983, 985).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
LASALLE, P.J., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court