■ Orly Genger, Respondent, v Dalia Genger et al., Appellants. [993 NYS2d 297]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 31, 2013, which, insofar as appealed from, denied the motions of defendants TPR Investment Associates, Inc. (TPR) and D & K GP LLC (D&K GP) to amend their answers and for summary judgment dismissing the claims against them, granted plaintiff's cross motion for sanctions against TPR, D&K

GP, defendant Dalia Genger (Dalia), and defendant Sagi Genger (Sagi), sanctioned defendant Leah Fang (Fang), and denied Fang's motion for summary judgment dismissing the claims against her, unanimously modified, on the law and the facts, to delete the sanctions against Dalia, Sagi, and Fang, and to grant Fang's motion for summary judgment dismissing the claims against her, and otherwise affirmed, without costs.

Contrary to the motion court's statement, plaintiff did not cross-move for sanctions against Fang. Furthermore, Fang did not disobey the 2010 and 2011 injunctions—she resigned as trustee of indirect plaintiff the Orly Genger 1993 Trust (Orly Trust) in January 2008 and had nothing to do with the 2011 and 2012 settlements challenged by plaintiff. Hence, there was no basis for sanctioning Fang.

Plaintiff's *cross* motion for sanctions was improper as against Dalia and Sagi, who were not movants (*see e.g. Kershaw v Hospital for Special Surgery*, 114 AD3d 75 [1st Dept 2013]).

TPR and D&K GP contend that they should not have been sanctioned because they did not violate the 2010 and 2011 injunctions. This argument is unavailing. Assuming, arguendo, that the 2010 order merely enjoined transfers, sales, pledges, assignments, or other dispositions of TPR shares (as opposed to transfers, etc., of the Orly Trust's interest in double-derivative plaintiff D&K LP), Orly Trust disclaimed any interest in any shares of TPR via the settlement agreements.

It is true that the October 2011 settlement predated the December 2011 injunction; however, the parties to the settlement amended and restated their agreement in March 2012, i.e., after the injunction. The 2011 order enjoined Sagi, TPR, and Dalia "from making demands upon and using or spending the proceeds derived from the purported sale by TPR . . . to [nonparty] Trump Group . . . of . . . the Orly Trust['s] [shares of nonparty Trans-Resources, Inc. (TRI)] . . . , pending the determination by a court of competent jurisdiction [of] the beneficial ownership of such shares." The promissory note which is a part of both settlement agreements—and which replaced a note that D&K LP had given in 1993 (the 1993 Note)—provides that the principal and accrued interest shall be due "[i]mmediately upon [Orly Trust]'s receipt of the proceeds from the sale of [its] TRI shares."

In sum, the motion court properly found that TPR and D&K GP had disobeyed "a lawful mandate of the court" (Judiciary Law § 753 [A] [3]) and properly ordered them to pay plaintiff's attorneys' fees (*see Davey v Kelly*, 57 AD3d 230 [1st Dept 2008]).

For the reasons discussed in the following paragraph, it was a

provident exercise of the IAS court's discretion to deny TPR's and D&K GP's motions to amend their answers to add the defense of release, based on the release contained in the October 2011 and March 2012 settlement agreements, because the proposed amendment lacked merit and would be futile (*see Eighth Ave. Garage Corp. v H.K.L. Realty Corp.*, 60 AD3d 404, 405 [1st Dept 2009], *lv dismissed* 12 NY3d 880 [2009]). For the same reasons, the court correctly denied the motions by TPR and D&K GP for summary judgment dismissing the claims against them based on the same release.

When a fiduciary has a conflict of interest in entering a transaction and does not disclose that conflict to his/her principal, the transaction is "voidable at the option of" the principal (*Wendt v Fischer*, 243 NY 439, 443 [1926]). Moreover, "an agent cannot bind his principal . . . where he is known to be acting for himself, or to have an adverse interest" (*Manhattan Life Ins. Co. v Forty-Second St. & Grand St. Ferry R.R. Co.*, 139 NY 146, 151 [1893]). In entering into the aforementioned October 2011 and March 2012 settlement agreements with TPR and D&K LP on behalf of Orly Trust, of which she was sole trustee, Dalia had a conflict of interest. The new promissory notes executed by Dalia on behalf of Orly Trust pursuant to the settlement agreements contained provisions that were plainly intended to entrench her as sole trustee of Orly Trust, notwithstanding the ongoing disputes and litigation between herself and plaintiff, the trust's beneficiary. Specifically, the replacement notes provided that Dalia's resignation or removal as trustee of Orly Trust, or the appointment of any additional trustee, would constitute an event of default rendering the notes immediately due and payable by Orly Trust. Further, the purported settlement of the derivative claims that plaintiff asserts on behalf of Orly Trust in this action—which was already pending at the time the settlement agreements were executed—required the court's approval, which was never sought. Moreover, as previously discussed, the settlements were entered into in violation of the aforementioned 2010 and 2011 injunctions. For these reasons, the settlements are voidable and, given the expressed intention of plaintiff (the beneficiary of Orly Trust) to void them, the purported releases they contain are not enforceable.

Fang moved for summary judgment based on additional releases given to her by Dalia (as trustee of Orly Trust) in December 2007 and January 2008. As no infirmity has been demonstrated in the December 2007 and January 2008 releases, the IAS court should have granted Fang summary judgment

based on these instruments. This determination renders moot the portion of Fang's motion that sought summary judgment based on the infirm releases in the 2011 and 2012 settlement agreements. Concur—Tom, J.P., Friedman, Acosta, Andrias and Richter, JJ.

---

The decision and order of this Court entered herein on March 4, 2014 (115 AD3d 421 [2014]) is hereby recalled and vacated (*see* 2014 NY Slip Op 84294[U] [2014] [decided simultaneously herewith]).