■ José R. Hennessey-Diaz, Appellant, v City of New York, Respondent, and 601-142 Realty L.L.C., Appellant. [44 NYS3d 404]—

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about November 25, 2015, which granted defendant City of New York's motion for summary judgment dismissing the complaint, and denied the "cross motion" of defendant 601-142 Realty L.L.C. for summary judgment, unanimously modified, on the law, to deny the City's motion for summary judgment, and otherwise affirmed, without costs.

The affidavit of Ralph Gentles, an associate production manager of Sanborn Map Co., Inc. responsible for the legend on Big Apple Maps, wherein he averred that the symbol for a "raised or uneven portion of the side walk," which appears on the Big Apple Map in the area where plaintiff tripped over a raised manhole cover, also applied to the manhole cover which would have been considered part of the sidewalk, was competent evidence of the business or professional custom or practice of the designations used by the company (*see Soltis v State of New York*, 188 AD2d 201 [3d Dept 1993]; *see e.g. Reyes v City of New York*, 20 Misc 3d 1134[A], 2008 NY Slip Op 51726[U] [Sup Ct, Bronx County 2008], *affd* 63 AD3d 615 [1st Dept 2009], *lv denied* 13 NY3d 710 [2009]). As such, it raised a triable issue

of fact as to whether the Big Apple Map gave the City prior written notice of the defect, and the court should have denied the City's motion for summary judgment predicated on the lack of such notice.

The court properly denied defendant 601-142 Realty L.L.C.'s motion for summary judgment on the ground that it was untimely and defendant failed to offer good cause for its late filing (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]). Law office failure is insufficient to demonstrate the good cause necessary to permit an untimely summary judgment motion (*see Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ.*, 114 AD3d 472, 473-473 [1st Dept 2014]; *Matter of Hibbert*, 137 AD3d 786, 787 [2d Dept 2016]). Moreover, defendant's purported cross motion was "an improper vehicle for seeking relief from a nonmoving party" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 88 [1st Dept 2013]; *see also Genger v Genger*, 120 AD3d 1102, 1103 [1st Dept 2014]).

We have examined the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.