Sanchez v City of New York (2019 NY Slip Op 07355)





Sanchez v City of New York


2019 NY Slip Op 07355


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10069 307433/13

[*1] Luis Sanchez, Plaintiff-Respondent,
v
City of New York, Defendant-Appellant, South Bronx Revitalization, Inc., Defendant.


Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), appellant.
Greenberg & Stein, P.C., New York (Ian Asch of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 12, 2018, which, inter alia, denied defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The City failed to establish its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when he tripped and fell on a defect in the sidewalk.
The evidence submitted by the City fails to definitively show that it had no prior written notice of the defect that caused plaintiff's fall (see Sondervan v City of New York, 84 AD3d 625 [1st Dept 2011]).
Even if we found that the City met its prima facie burden, plaintiff raised a triable issue of fact as to whether the City had prior written notice of the defective condition through the affidavit of his expert, and of the Big Apple Map, showing an area of "[r]aised or uneven portion of sidewalk" in the vicinity of the fall. Contrary to the City's argument, the Big Apple Map does not provide any information as to the length or distance of a defect and thus, the defect depicted in the Map may extend to where plaintiff was injured (see Foley v City of New York, 151 AD3d 431, 433 [1st Dept 2017]). Factual issues as to the precise location of the defect and whether the defect is designated on the map should be resolved by a jury (see id.; Hennessey-Diaz v City of New York, 146 AD3d 419 [1st Dept 2017]; Mora v City of New York, 103 AD3d 610 [2d Dept 2013]).
We have considered the City's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK