| **Teneyck v Port Auth. of N.Y. & N.J.** |
| :---: |
| 2024 NY Slip Op 33396(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152521/2019 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARGARET A. CHAN**

*Justice*

PART    49M

------------------------------------------------------------------X

JASON TENEYCK,

Plaintiff,

- v -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
AECOM TISHMAN CORPORATION, AECOM TISHMAN
JOINT VENTURE, TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK, PJS GENERAL
CONSTRUCTION, INC.,

Defendant.

------------------------------------------------------------------X

PORT AUTHORITY OF NEW YORK AND NEW JERSEY

Third-Party Plaintiff,

-against-

RAILROAD CONSTRUCTION COMPANY, INC.

Third-Party Defendant.

------------------------------------------------------------------X

INDEX NO.    152521/2019

MOTION DATE    08/10/2023

MOTION SEQ. NO.    003

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595696/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Plaintiff Jason Teneyck, an operating engineer for third-party defendant Railroad Construction Co., Inc., was injured on April 21, 2018, while working at the construction site in the World Trade Center. Plaintiff seeks to recover damages from defendants Port Authority of New York and New Jersey (PA), the site owner; AECOM Tishman Corporation and the other Tishman defendants, the general contractor; and PJS General Construction, Inc., a subcontractor. The complaint alleges causes of action for negligence, violation of Labor Law sections 200, 240, 241(6), Industrial Code section 23 among other codes. Plaintiffs moves for partial summary judgment against these defendants under Labor Law sections 240 (1) and 241 (6). Defendants oppose the motion and cross moves for summary judgment dismissing plaintiff's claims. In the cross motion, defendants also seek summary

**152521/2019   TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK**
**Motion No.  003**

Page 1 of 6

1 of 6

judgment on their claims for contractual indemnification and breach of contract claims against third-party defendant, Railroad Construction Co., Inc. (RCC), which in turn, partially opposes defendants' cross motion asserting, among other arguments, that the cross-motion is untimely by 72 days (NYSCEF # 97 ¶ 4).

## FACTS

Plaintiff was an Operating Engineer for RCC when he worked at the construction site of the Ronald L. Perelman Performing Arts Center (the site), a part of the World Trade Center. At the time of his accident, plaintiff worked specifically at a portion of the site called the West Bathtub Vehicle Access (NYSCEF # 72, Teneyck aff ¶ 2). RCC was a subcontractor that Port Authority hired to dewater the site (NYSCEF 1, Complaint [Compl] ¶ 4; NYSCEF # 91, Master Agreement between PA and RCC). Plaintiff, as RCC's operating engineer, maintained, operated, and repaired various portable pumps in areas under construction to dewater the site from rain and other accumulation of water (Teneyck aff ¶ 3).

Plaintiff avers that on April 21, 2018, during his shift at about 8:00 pm, that he was inspecting the various locations where pumps had been installed (*id.* ¶ 17). In order to go to a lower level below the mezzanine to check the equipment there, he walked towards the scaffold staircase with the intent of using it to descend to the lower level (*id.* ¶¶ 17-18, see Exh 9 - photo).[1] Plaintiff stated that he stepped on an aluminum plank through the access opening along the wall (*id.* ¶ 18). Standing on the aluminum plank, he turned to step down onto a wooden plank pathway that led to the landing in the stair tower (*id.* ¶ 19). The wood planking was 18 to 24 inches below the aluminum plank (*id.* ¶ 19 and Exhs 12, 14 - photos).

Plaintiff mentions it was dark in the area, and he could not see that there was a third plank on top of the other two planks and that its edge created a two-inch drop off to the lower planks (*id.* ¶ 22). As he stepped down from the aluminum plank to the wooden plank, his right foot landed on the raised edge of the third plank (*id.* ¶ 21). Plaintiff realized the third plank lying on top of the two other wooden planks was unsecured (*id.*). His foot caught the edge of the unsecured top third plank, which flipped up, causing him to twist and roll his ankle (*id.*). He felt his bones crack (*id.*). Plaintiff crawled back up to the aluminum plank and out of the mezzanine. He sat down on an upside garbage can, called his employer to report the incident, and asked for medical assistance (*id.* ¶ 24).

Plaintiff states that he used the scaffold stairs to access the lower level several times before as did his co-workers, and there were no signs prohibiting their use. Plaintiff asserts that, based on his experience, workers were permitted to use

---

[1] Plaintiff's affidavit includes several photos of the work site, each marked as an "exhibit." These photos were not separately filed; they are simply tacked on to the end of plaintiff's affidavit.

**152521/2019  TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK**
**Motion No.  003**

[* 2]

the free-standing staircase scaffolds unless they were verbally directed not to do so (*id.* ¶¶ 26-30).

## DISCUSSION

A party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once that showing is made, the burden shifts to the party or parties opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party *(see Vega v Restani Constr. Corp*, 18 NY3d 499, 503 [2012]). Although summary judgment is "considered a drastic remedy," "when there is no genuine issue to be resolved at trial, the case should be summarily decided" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). In this regard, the court's task at this juncture "is issue finding, not issue determination" (*Lebedev v Blavatnik*, 193 AD3d 175, 184 [1st Dept 2021]).

Plaintiff moves for partial summary judgment on the Labor Law § 241(6) and § 240(1), and defendants cross-moves for summary judgment on their third-party claim. Plaintiff's motion is addressed first followed by defendants' crossmotion.

*Labor Law § 241(6)*

Plaintiff claims that defendants violated Labor Law § 241(6) by violating § 23-5.1(e) of the Industrial Code, which states that "scaffold planks shall be laid tight" (12 NYCRR § 23-5.1(e)). He claims that the third plank laying atop the other two planks "was not affixed to the frame and was not laid tightly against the other planks, creating a hazard that caused his injury" (NYSCEF # 76, Pltf's MOL at 18).

Industrial Code § 23-1.7 (e)(1) is the other section on which plaintiff predicates his Labor Law § 241(6). Industrial Code § 23-1.7 (e)(1) requires that "all passages ways shall be kept from any other obstructions or conditions which could cause tripping." A cantilevered plank along a platform is a tripping hazard." (*id.* at 19 quoting NYSCEF # 71, Silverberg aff). Plaintiff claims that he was following a passageway from one section of the project down to a scaffold passageway leading to a scaffold staircase to descend to the lower portion of the job site (*id.*). In support of his claims, plaintiff submits photographs of the scaffold and a report by an expert, Herman Silverberg, a professional engineer with 37 years of experience in construction engineer (NYSCEF # 71, exh A, C, D, E, F).

The attached photos to plaintiff's affidavit and Silverberg's report show that on the scaffold laid a long plank sitting on top of the bottom row of two planks. Plaintiff avers that he used the scaffold staircase to go from one section of the site to

**152521/2019 TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK**      **Page 3 of 6**
**Motion No. 003**

[* 3]

3 of 6

a lower section of the site when his foot struck the two-inch edge created by the third plank atop of the two other planks on the scaffold (*see* NYSCEF # 72, Teneyck aff ¶ 20 Exh 12, photo). According to plaintiff, stepping on part of the unsecured third plank, which was two inches higher that the two other planks, caused the third plank to flip up and his ankle to turn. The unsecured plank was not affixed to the frame and was not laid tightly against the other planks, creating a hazard that caused his injury when his foot hit the edge of the plank, and his body weight caused his ankle to roll and fracture (NYSCEF # 76, at 18-20). And contrary to defendants' contention that plaintiff was not in a passageway for Industrial Code § 23-1.7 (e)(1), the photographs of the scaffold and the scaffold staircase show that these were not open areas and thus constitute a passageway (*see Piedra v 111 West 57th Property Owner LLC*, 219 AD3d 1235, 1235 [1st Dept 2023]).

Defendants and RCC do not offer evidence to dispute any of plaintiff's testimony. Defendants contend that the third plank was not the proximate cause of the incident under Industrial Code § 23-5-1 (e); plaintiff's improper entrance to the scaffold was what caused his accident. However, defendants fail to present evidence contradicting plaintiff's testimony that the scaffolding area could be accessed and used and that the scaffold area did not have a warning signage that it should not be used (Tenecyk aff ¶ 31). Plaintiff points out that defendants did not rebut the factual assertions by his expert, plaintiff's testimony, or the photographs showing the dangerous conditions violating the discussed Industrial Code sections (*id.* at 7).

In sum, the branch of plaintiff's motion for partial summary judgment on his Labor Law Section § 241(6) is granted.

*Labor Law § 240(1)*

Plaintiff argues that defendants violated Labor Law § 240(1) by failing to provide proper protection to plaintiff who was required to travel in portions of the construction site to perform his duties (Pltf's MOL at 6). He contends that the aluminum scaffolding from which he was stepping down, and the wooden scaffold walkway leading to the stair column were "devices" under Labor Law § 240 (*id.* at 12). Plaintiff maintains that because the unsecured plank was not affixed to the frame, the whole scaffold system was not "constructed" or "operated" to give him proper protection from the effect of gravity as he stepped down to the wooden plank (*id.* at 13).

Neither the Tishman nor RCC offered evidence disputing plaintiff's assertion. Instead, defendants argue that plaintiff's injury did not stem from an elevation hazard (NYSCEF 89, Defts' MOL at 3-5). Defendants characterize plaintiff's work (surveying the area and the pumps to ensure they are working properly) as "maintenance" – work that is not covered under § 240(1) (*id.* at 7-8).

**152521/2019 TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK**
**Motion No. 003**

Page 4 of 6

4 of 6

[* 4]

RCC argues that Labor Law § 240(1) does not apply to plaintiff because the section applies only to extreme height-related risks involving the effects of gravity (NYSCEF # 83, ¶¶ 61-62). Because plaintiff only fell a few feet, RCC argues that the statute does not apply to him. Defendants and RCC also argued that there was a material question of fact whether plaintiff was entering the stair tower at a proper access point (*id.* ¶¶ 75-78).

Labor Law § 240 [1] provides that "[a]ll contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish . . . scaffolding . . . [and such devices] to give proper protection to a person so employed" (Labor Law § 240 [1]). This statute was designed to protect workers from "harm directly flowing from the application of the force of gravity to an object or person" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001]). Application of Labor Law § 240 (1) is limited to "specific gravity-related accidents [such] as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 500-501 [1993] [internal quotation and citation omitted]). In other words, Labor Law § 240 (1) does not apply unless the injury is "directly attributable to a risk posed by a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]).

Plaintiff claims that the scaffold system was not constructed or operated to give him proper protection from the effect of gravity as he descended from the aluminum plank to the wooden plank leading to the scaffolding staircase (NYSCEF # 72, Exhibits 9, 12, 14, 16, 24, and 26). Plaintiff's work at the time of the accident was part of his dewatering activities, which entailed walking around the site and checking the portable pumps to ensure that they were working properly (NYSCEF 72, pltf's aff ¶ 8). If a pump was not functioning properly, he would replace it and take the malfunctioning pump to the shop for repairs (*id.*). While plaintiff's job does involve repairs, the repairs are done in a shop, and plaintiff does not allege that the repairs are height-related or that he was repairing a pump at the time of the accident. As such, plaintiff's work, as described, is not one of the covered activities under Labor Law § 240(1) (*see Santiago v Fred-Doug 117, LLC*, 68 AD3d 555, 555 [1st Dept 2009] ["[w]hile 'repair' of a broken or malfunctioning item is among the statute's enumerated activities, 'routine maintenance' to prevent malfunction is not covered activity"] [internal citations omitted]). Accordingly, summary judgment is not warranted on this claim.

*Defendants' Cross-Motion*

Defendants' cross-motion to dismiss plaintiff's Labor Law § 200 is unchallenged. Thus, the Labor Law § 200 claim is dismissed.

**152521/2019  TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK**
**Motion No.  003**

Page 5 of 6

5 of 6

As to defendants' cross-motion against third-party defendant RCC, it is denied. Defendants seek indemnification and damages from an alleged breach of contract for failure to procure the required insurance naming Port Authority as an additionally-named insured in the policy. Defendants' cross claim against RCC is improper[2] as it seeks relief from a non-movant (*see Hennessey-Diaz v City of New York*, 146 AD3d 419, 420 [1st Dept 2017]). Accordingly, the branch of defendants' cross claim against RCC is dismissed.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the branch of plaintiff's motion for partial summary judgment is granted to plaintiff's third cause of action under Labor Law § 241(6) and is denied as to second cause of action under Labor Law § 240; and it is

ORDERED that the branch of defendants' cross-motion for summary judgment dismissing plaintiff's first cause of action under Labor Law § 200 and second cause of action Labor Law § 240 is granted; and it is further

ORDERED that the branch of defendants' cross-motion for summary judgment as to third-party defendant is denied; and it is further

ORDERED that the parties are to report to Part 40, the trial part, and it is further

ORDERED that counsel for plaintiff is to serve all parties this order, with notice of entry, within ten days of this order.

| 9/26/2024 | | | | | MARGARET A. CHAN, J.S.C. | | |
| DATE | | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[2] RCC points out that the cross motion is as also untimely by 78 days, which the court notes but will allow this delay for this motion sequence only.

152521/2019  TENEYCK, JASON vs. PORT AUTHORITY OF NEW YORK
Motion No. 003

Page 6 of 6